[No. 9520.   Department One.   November 1, 1911.]

GENEVIEVE SCHULTZ, *Appellant*, v. OSCAR CHRISTOPHER, *Respondent*.[1]

HUSBAND AND WIFE—DISABILITIES OF WIFE—RIGHT OF ACTION— TORTS OF HUSBAND—DURING COVERTURE. Rem. & Bal. Code, § 5926, abolishing all laws which impose any disability upon a wife which are not imposed upon a husband, and providing that she shall have the same right that the husband has to appeal to the courts in her individual name for any unjust usurpation of her natural or property rights, does not authorize the wife to sue the husband for a tort committed upon her person during coverture; since at common law the husband has no such right of action against the wife.

[1]Reported in 118 Pac. 629.

DIVORCE—PROPERTY RIGHTS — EFFECT OF DECREE — BAR — SUBSE-QUENT ACTION FOR TORT. A decree of divorce distributing the property will be presumed to settle the rights of the parties, and precludes the maintenance by the wife of another action against the husband for communicating a venereal disease during coverture affecting her health and physical condition, which was, or should have been, considered in granting the divorce.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 21, 1910, upon sustaining a demurrer to the complaint, dismissing an action for damages. Affirmed.

*Jay C. Allen, James Hart,* and *Wm. R. Bell,* for appellant.
*I. B. Knickerbocker* and *Milo A. Root,* for respondent.

DUNBAR, C. J.—The complaint of the plaintiff and appellant alleges that she was married to the respondent on the 7th day of October, 1908, and sustained the relation of wife towards him until the 2d day of January, 1909, when she was given an absolute decree of divorce by the superior court of King county. It is further alleged that at the time of the marriage of the appellant and respondent, respondent was afflicted with a malignant venereal disease, and within the course of two weeks from the date of the marriage, communicated said disease to the appellant, and as a result thereof, she suffered and sustained great mental anguish and physical pain and suffering, rendering her incapable of performing any labor, and necessitating a serious surgical operation in an effort to regain her health and strength; and that, by reason of the act of the defendant in wilfully communicating said disease to her, she has been damaged in the sum of $15,000. To this complaint a demurrer was interposed, which was sustained by the lower court. The appellant refusing to amend her complaint, judgment was entered, dismissing the action, and from the judgment so entered, this appeal is taken.

From this statement it will be seen that the only question involved is whether a wife can sue a husband for a tort com-

mitted upon her person. It is conceded that at common law no such right existed. At the common law there was a unity between husband and wife, and it must be admitted that, for all practical purposes, the husband was the unit. The legal rights of the wife were merged in the husband, and were subject to the direction and control of the husband, but neither husband nor wife could sue the other. But time and experience and just observation worked a mental emancipation from the feudal ideas which tinged the common law concerning domestic relations, and a more progressive policy has dictated to the different states the enactment of laws looking to the emancipation of women from the thralldom of the common law. Many statutes in different states, differing in the scope of the enactments, have been passed, and of course they have to be construed with reference to their especial provisions. Many cases are cited by the respondent, to the effect that a woman cannot maintain an action for tort against her former husband on account of a wrong committed during coverture. But as the appellant concedes this to be the law in the absence of statute, it is not necessary to discuss them; for if the plaintiff in this case has a right to the remedy which she invokes, it must be found in the statute. The statute upon which appellant relies is Rem. & Bal. Code, § 5926, which is as follows:

"All laws which impose or recognize civil disabilities upon a wife, which are not imposed or recognized as existing as to the husband, are hereby abolished, and for any unjust usurpation of her natural or property rights she shall have the same right to appeal in her own individual name to the court of law or equity for redress and protection that the husband has; . . ."

It is difficult to find any support for appellant's contention in this statute. Courts must construe statutes with a view to effectuate the legislative purpose; or, in other words, the spirit and reason of the law which necessarily includes the remedy. What was the legislative object in this enactment?

Evidently it was to place the wife and husband upon the same footing so far as their legal rights were concerned, and this is set forth so plainly in the statute that it is scarcely sus-.ceptible of construction.  It will be noted that the statute does not intend to emancipate the wife from all civil disabilities, but the express language is that all civil disabilities which are not imposed or recognized as existing as to the husband are abolished, and that for any usurpation of her natural or property rights, she shall have the same right to appeal and the same protection and redress that the husband has.  The only object that the statute had was the commendable one of abolishing the tyranny of sex, and the placing of the husband and wife upon an equal footing.  It does not go further than this, and when it is conceded that the husband has not the right under this statute, and did not have at common law, to sue the wife for a tort, it is plain that no such right is conferred upon the wife.

There is no case that we have been able to find, or any authority, sustaining appellant's view under statutes similar to the one under construction.  It was decided by the supreme court of the United States in *Thompson v. Thompson*, 218 U. S. 611, that a wife did not have the right to sue a husband for an assault and battery committed upon her person by her husband.  The court was construing a statute governing the District of Columbia.  That statute was more favorable to appellant's contention and more sweeping in its provisions than the statute under consideration, and was as follows:

"Married women shall have power to engage in any business, and to contract, whether engaged in business or not, and to sue separately upon their contracts, and also to sue separately for the recovery, security or protection of their property, and for torts committed against them, as fully and freely as if they were unmarried; contracts may also be made with them, and they may also be sued separately upon their .contracts, whether made before or during marriage, and for wrongs independent of contract committed by them before or during their marriage, as fully as if they were unmarried, and

upon judgments recovered against them execution may be issued as if they were unmarried," etc.

So that it will be seen that it especially provided that married women might sue for torts committed against them, as fully and freely as if they were unmarried, and this was the special provision of the statute upon which the dissenting opinion of Judge Harlan, largely quoted by appellant in favor of her view of the law, was based. An examination of the dissenting opinion leads us to conclude with certainty that, had it not been for this special provision, the learned judge would not have felt called upon to dissent from the majority opinion.

The appellant also cites some cases from this court which it is thought bear upon this proposition. But an examination of them shows that the idea of the statute was construed to be as we have indicated, viz., to place the husband and wife upon the same legal footing; and in none of them can it be gathered that any attempt was made to give the wife rights against the husband which the husband did not possess against the wife. In *Rosencrantz v. Territory*, 2 Wash. Ter. 267, 274, 5 Pac. 305, this idea is plainly announced in the following quotation:

"To us it seems that the relation between husband and wife thereby established was (with certain exceptions therein stated) one of absolute equality before the law. As it not only in express terms gives to her the same rights to hold property as her husband, but in section three of said act expressly abolishes all civil disabilities imposed on her by the marriage relation, which were not imposed or recognized as existing as to the husband; . . ."

There may be reasons why a husband or wife should have the right to sue the other for damages for torts of this kind. If so, such rights must be conferred by legislative authority.

There is another conclusive reason why this demurrer should have been sustained. This damage was the result of a tort during coverture. The parties have since been di-

vorced by the decree of the court. The presumption must obtain that all their rights were determined in the divorce proceeding, and if this state of facts existed as alleged by the complaint, it was a proper subject of investigation by the court in determining the distribution of property. It was said by this court in *Webster v. Webster*, 2 Wash. 417, 26 Pac. 864, that the court had a right to make a division of all the property, joint and separate, in any way that seemed in its discretion just and equitable. The language of the court was:

"Each party must lay down before the chancellor all that he or she has, and, after an examination into the whole case, he makes an equitable division . . . each case must be adjusted according to its own merits and the particular circumstances surrounding it, the court investigates all the circumstances—(1) as to who is to blame, or, if neither party is blameless, the degree of blame to be attached to the respective parties; (2) who is the more proper party for the custody of the minor children, if any; (3) if there is a disposition of the property to be made, the manner in which it was acquired, whether derived principally from the husband or the wife, or by their joint exertions; the condition of the parties as to age and health, and a great many considerations which will necessarily enter into the discretion of the court in making the division."

So that it will be seen that the condition of the appellant, flowing from the alleged tort, was a matter to be taken into consideration, and the presumption is that it *was* taken into consideration by the court in the distribution of the property made in the decree of divorce. It would be against public policy to permit multifarious actions concerning the property rights of the husband and wife after divorce which were in existence during coverture.

The judgment is affirmed.

MOUNT, PARKER, FULLERTON, and GOSE, JJ., concur.