SARAH A. LILLIENKAMP *v.* W. T. RIPPETOE.*

(*Knoxville.* September Term, 1915.)

**HUSBAND AND WIFE.** Actions for torts. Statutory provisions.

Neither Shannon's Code, sec. 6470, making one committing an assault and battery upon his wife for any cause whatsoever guilty of a misdemeanor, nor Pub. Acts 1913, ch. 26, providing that married women are thereby fully emancipated from all disability on account of coverture, that marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property, or as to her capacity to make contracts and do all acts in reference to property which she could lawfully do if she were not married, but that every married woman shall have the same capacity to acquire, hold, control, and dispose of property and to make any contract in reference thereto and to bind herself personally, and to sue and be sued as if she were not married, abrogates the common-law rule that one spouse cannot sue the other for a tort committed during the marriage, as it must be assumed that, if it had been the purpose of the legislature to change this rule, such purpose would have been clearly expressed, or would have appeared by necessary implication.

Acts cited and construed: Acts 1913, ch. 26.

Cases cited and approved: McKelvey v. McKelvey, 111 Tenn., 388; Abbott v. Abbott, 67 Me., 304; Thompson v. Thompson, 218 U. S., 611; Strom v. Strom, 98 Minn., 427; Freethy v. Freethy, 42 Barb. (N. Y.), 641; Schultz v. Christopher, 65 Wash., 496; Schultz v. Schultz, 89 N. Y., 644; Peters v. Peters, 156 Cal., 32; Bandfield v. Bandfield, 117 Mich., 80; Libby v. Berry, 74 Me., 286; Phillips v. Barnett, 1 Q. B. D., 436; Queen v. Dayton Coal & Iron Co., 95 Tenn., 458; Adams v. Insurance Co., 117 Tenn., 470; Weeks v. McNulty, 101 Tenn., 495; Railway v. Haynes, 112 Tenn., 712.

---

*As to right of wife to sue husband for personal tort, see notes in 6 L. R. A. (N. S.), 191, 30 L. R. A. (N. S.), 1153. 52 L. R. A. (N. S.), 185.

Lillienkamp v. Rippetoe.

Cases cited and distinguished:   Parlow v. Turner, 132 Tenn.,
339; State v. Cooper, 120 Tenn., 549.

Codes cited and construed:   Sec. 6470 (S. 1896).

Constitution cited and construed:   Art. 2, sec. 17.

### FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— VON. A. HUFFAKER, Judge.

GREEN, WEBB & TATE and McCANDLESS, COLEMAN & TAYLOR, for plaintiff.

W. N. HICKEY, for defendant.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The only question necessary to be decided is whether a divorced woman can maintain against her former husband an action for damages resulting from an assault and battery committed by him upon her person after the passage of chapter 26 of the Acts of 1913, and while they sustained toward each other the relation of husband and wife; the action having been instituted after the divorce, and within one year after the date of the battery.

The case is before us on plaintiff's petition for *certiorari*, seeking to reverse the judgment of the court of civil appeals, which affirmed the judgment of the circuit court by which plaintiff's suit was dismissed at the point of a demurrer interposed by defendant.

Beyond all question, under the common law as it was in force in this State prior to the passage of the act of 1913, supra, such an action as this could not have been maintained. It was a fundamental principle of the common law that by marriage husband and wife became one. Her existence as a legal unit became merged into that of the husband, and during the continuance of the coverture she was capable of suing or defending an action only with his concurrence, and in his name as well as her own. It has been held in this State that neither spouse could maintain an action against the other for torts committed by one against the other during coverture. The holding was said to rest in part upon their unity by virtue of the marriage, which was said to preclude one from suing the other at law, and in part it was said to rest upon the respective rights and duties involved in the marriage relation. *McKelvey* v. *McKelvey*, 111 Tenn. (3 Cates), 388, 77 S. W., 664, 64 L. R. A., 991, 102 Am. St. Rep., 787, 1 Ann. Cas., 130. This holding is supported by a practically unanimous current of authority. *Abbott* v. *Abbott*, 67 Me., 304, 24 Am. Rep., 27; Schouler's Domestic Relations, sec. 52 (4th Ed.); Cooley on Torts (2 Ed.), secs. 223-233; 21 Cyc., 1519, 1520; *Thompson* v. *Thompson*, 218 U. S., 611, 31 Sup. Ct., 111, 54 L. Ed., 1180, 30 L. R. A. (N. S.), 1153, 21 Ann. Cas., 921; *Strom* v. *Strom*, 98 Minn., 427, 107 N. W., 1047, 6 L. R. A. (N. S.), 191, 116 Am. St. Rep., 387, and note; *Freethy* v. *Freethy*, 42 Barb. (N. Y.), 641; *Schultz* v. *Christopher*, 65 Wash., 496, 118 Pac., 629, 38 L. R. A. (N. S.), 780; *Schultz* v. *Schultz*, 89 N. Y., 644; *Peters* v.

*Peters,* 156 Cal., 32, 103 Pac., 219, 23 L. R. A. (N. S.), 699; *Bandfield* v. *Bandfield,* 117 Mich., 80, 75 N. W., 287, 40 L. R. A., 757, 72 Am. St. Rep., 550; *Libby* v. *Berry,* 74 Me., 286, 43 Am. Rep., 589; *Phillips* v. *Barnett,* 1 Q. B. D., 436 (English).

In some of the cases cited above the insistence was made that, the marriage relation having been terminated by the divorce, the right of action revived, having been merely suspended during coverture; but in reply it was said:

"That the error in this insistence was in supposing that a right of action ever existed; that there was no civil remedy either during or after coverture, because there was no civil right to be redressed." *Phillips* v. *Barnett* and *Abbott* v. *Abbott,* supra.

See, also, *McKelvey* v. *McKelvey,* supra.

We do not understand plaintiff's brief to question the rule of the common law, as above set out. Her insistence is that the rule of the common law was abrogated by the following statutes of this State:

"If any person commits an assault and battery upon his wife, for any cause whatsoever, he is guilty of a misdemeanor, and punishable accordingly." Shan. Code 1896, sec. 6470.

Chapter 26 of the Public Acts of the year 1913:

"A bill for an act to be entitled 'An act to remove disabilities of coverture from married women, and to repeal all acts and parts of acts in conflict with the provisions of this act.'

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that married women be, and

Lillienkamp v. Rippetoe.

are, hereby fully emancipated from all disability on account of coverture, and the common law as to the disabilities of married women and its effects on the rights of property of the wife, is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort, or as to her capacity to make contracts and do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of, all property, real and personal, in possession, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued with all the rights and incidents thereof, as if she were not married.

"Sec. 2. Be it further enacted, that all acts and parts of acts in conflict with the provisions of this act be, and the same are, hereby repealed.

"Sec. 3. Be it further enacted, that this act take effect from and after January 1, 1914, the public welfare requiring it.

"Passed February 20, 1913."

The constitutionality of the act of 1913 was assailed in *Parlow* v. *Turner,* 178 S. W., 766, and on that point this court, speaking through its chief justice, said:

"It is said that the act is unconstitutional because it violates so much of article 2, sec. 17, of the constitution as provides that no bill shall become a law which embraces more than one subject, that subject to be ex-

pressed in the title. There is but a single subject, and that appears fully in the title, viz., the relief of married women from the disabilities of coverture. That subject fully covers every element that is written into the body. of the act. The first clause, standing alone, 'that married women be, and are, hereby fully emancipated from all disability on account' of coverture,' would have made thoroughly effective the purpose expressed in the title. All that followed merely amplified the thought, but each term of particularization lay implicit within the clause quoted.''

The Act does not purport by any express provision to abrogate that fundamental principle of the common law, under which, by virtue of the marriage, husband and wife became a legal unit during the existence of coverture; nor does it purport to absolve the wife from the duties to the husband which the common law, by reason of their relationship, imposed upon her; nor does it purport to deprive her of the benefits, protection and support, which her husband was at common law held bound to afford her. It does not in express terms confer upon her the right to sue her husband for torts committed upon her during coverture, nor does it purport by such terms to confer upon him the right to sue her for such torts committed by her. By no express terms of this Act are the respective rights and duties of the husband and wife toward each other involved in the marriage relation disturbed or affected, except as such a result must necessarily flow from the exercise by her of the powers and capacities in respect of her property rights in the Act set out.

It is clear that section 6470, Shannon's Code 1896, quoted supra, does not accomplish any abrogation of the common-law rule in respect of actions for tort by either spouse against the other. That section merely denounces any person who commits an assault and battery upon his wife, for any cause whatsoever, as guilty of a misdemeanor, and punishable accordingly. In connection with the statute last referred to, and chapter 26 of the Acts of 1913, plaintiff's brief relies upon the following of our cases: *Queen* v. *Dayton Coal & Iron Co.*, 95 Tenn. (11 Pick.), 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St. Rep., 935; *Adams* v. *Insurance Co.*, 117 Tenn. (9 Cates), 470, 101 S. W., 428; *Weeks* v. *McNulty*, 101 Tenn. (17 Pick.), 495, 48 S. W., 809, 43 L. R. A., 185, 70 Am. St. Rep., 693; *Railway* v. *Haynes*, 112 Tenn. (4 Cates), 712, 81 S. W., 374. But we do not understand the brief to insist that section 6470, Shannon's Code, and the principles on which he relies as established by the cases last cited, would avail to change the common-law doctrine that one spouse cannot maintain suit against the other for a tort committed during the existence of the marriage relation. At all events, in our opinion, there would be no merit in such an insistence, if made.

Examination of the cases cited to sustain the existence of the common-law rule first laid down herein will disclose a practically unanimous concurrence of judicial opinion to the effect that an abrogation of the common-law rule will only be held to have been accomplished by a statute when such purpose is clearly expressed therein.

It has been held in this State:

"That a statute will not be construed to alter the common law, further than the act expressly declares or than is necessarily implied from the fact that it covers the whole subject-matter." *State* v. *Cooper*, 120 Tenn. (12 Cates), 549, 113 S. W., 1048, 15 Ann. Cas., 1116.

We must assume that the legislature had in mind in the passage of the act the fundamental doctrine of the unity of husband and wife under the common law, and the correlative duties of husband and wife to each other, and to the well-being of the social order growing out of the marriage relation, and that, if it had been the purpose of the legislature to alter these further than as indicated in the act, that purpose would have been clearly expressed.

We are not warranted in ascribing to the legislature by anything appearing in this act a purpose to empower a wife to bring an action against her husband for injuries to her person occurring during the coverture, thereby making public scandal of family discord, to the hurt of the reputation of husband and wife, their families and connections, unless such purpose clearly appears by the express terms of the act. It results that, in our opinion, there is no error in the judgment of the court of civil appeals, and the same is therefore affirmed.