# FLORA BELLE BUTTERFIELD, Respondent, v. ROBERT JAMES BUTTERFIELD, Appellant.

### Kansas City Court of Appeals, June 12, 1916.

1. **HUSBAND AND WIFE: Assault and Battery: Liability.** A husband is not liable in a civil action for an assault and battery on the wife either at common law, or under the Married Womans Statute.

2. **MOTION TO STRIKE OUT ANSWER: Demurrer: Exception.** A motion to strike out all that part of an answer setting up a special defense on the ground that it fails to state a legal defense amounts to a demurrer and if sustained, the defendant may save the point without a motion for new trial, or incorporating it in a bill of exceptions.

3. **DIVORCE: Record: Evidence.** The record of a divorce proceeding instituted by the husband wherein it is alleged in the petiton that a marriage existed at a time antedating an assault and battery on the wife by the husband, which petition was adjudged confessed and a decree of divorce granted, is evidence tending to prove the parties were husband and wife at the time of the assault.

Error to Jackson Circuit Court.—*Hon. Harris Robinson,*
Judge.

REVERSED.

*Leslie E. Bates* and *John C. Grover* for plaintiff in
error.

*C. W. Prince, E. A. Harris* and *J. E. Westfall* for
defendant in error.

ELLISON, P. J.—Plaintiff's action is to recover
damages resulting from an assault and battery alleged
to have been committed upon her by defendant. She re-
covered judgment in the trial court.

It appears by the record that at the time of the as-
sault and battery plaintiff was defendant's wife. Under
the common law, the husband or wife was not liable in
a civil action to the other for a personal tort. And our
statutes including the Married Woman's Act, has not
changed the rule. In a recent opinion written by Judge
WALKER, the Supreme Court has fully discussed this
question and we refer thereto in support of our judgment
herein. [Rogers v. Rogers, 265 Mo. 200.]

Plaintiff, after obtaining this judgment without a
shadow of legal right, has sought to interpose various
technical objections to being deprived of it. It appears
that that part of the answer setting up the marriage was
erroneously stricken out on plaintiff's motion which left
nothing but a general denial. Plaintiff insists that since
the defendant did not save that point in his motion for
new trial he waved it. This was such character of mo-
tion as amounted, to all intents and purposes, to a de-
murrer and the court's action is saved without being
embodied in a motion for new trial. [State ex rel. v. Elli-
son, 182 S. W. 998; Shohoney v. Railroad, 231 Mo. 131,
148.]

But aside from that, the proof was made during the
trial and a peremptory instruction was asked by defend-
ant and refused, and an exception to the ruling was
duly preserved.

The evidence that the parties were husband and wife at the time of the assault consisted of a record of the circuit court of Clay county of a divorce proceeding instituted by defendant against plaintiff in that county wherein the petition alleged a marriage at a date prior to the assault and the petition was adjudged to be confessed and a decree was rendered. This was evidence tending to show they were husband and wife, and there was no evidence to the contrary.

The judgment should be reversed. All concur.

## ON MOTION FOR REHEARING.

Per Curiam.—We stated in the opinion that plaintiff moved to strike out that part of the answer setting up that plaintiff and defendant were husband and wife, leaving nothing in the answer save a general denial. It was error on the part of the trial court to strike out that part of the answer, and we stated that the error could be preserved without being mentioned in the motion for new trial. But whether that was a correct statement, or not, cannot in the least affect plaintiff's rights, or the result which we reached. For, we proceeded to state, that though the fact that plaintiff and defendant were husband and wife at the time the assault and battery occurred, was stricken out on plaintiff's motion, yet proof of that fact was allowed under the general denial. Plaintiff will not be heard to say that such evidence was improperly received because not pleaded, for that would allow her to take advantage of an error she asked and caused the court to commit. Besides, while the evidence was objected to by plaintiff, that was not one of the reasons assigned; unless we say that one of the reasons, viz., that such question "is not in issue in this case" refers to such defense not being pleaded in the answer. If we concede that that objection covered the point, we need only say that it was in issue until plaintiff wrongfully asked the court to commit the error by striking it out. Plaintiff's position amounts to this, that she can wrongfully strike a good defense out of an answer and

then object to that defense being proven because it was not in the answer. But plaintiff's brief disposes of the point in defendant's favor where she repeatedly states that defendant cannot complain of striking out his defense because the evidence was admitted and cured the error. And that point is restated in the motion for rehearing. So it is of no consequence whatever and the opinion so shows, whether we were right or wrong in stating that the motion acted as a demurrer and could be preserved without a motion for new trial.

Another ground for the motion for rehearing is the statement that the abstract presented by defendant does not contain all of the evidence heard at the trial. It is enough to say of this that no suggestion of that kind was made by plaintiff in the brief. It appears for the first time in the motion for rehearing; and, of course, cannot be allowed. The point in the case has not been that evidence not abstracted showed that these parties were not husband and wife. The whole case presented here by plaintiff has been (substantially) that defendant had not saved that point properly and that the judgment introduced by defendant was not admissible, and if it was, it did not prove plaintiff and defendant were husband and wife.

The motion should be overruled.