### FARIS v. HOPE.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1924.)

No. 6431.

1. Evidence ⬷28—Federal courts take judicial knowledge of law of state.

The laws of a state, both statutory and as declared by its highest court, are within the judicial knowledge of a federal court.

2. Divorce ⬷170—Marriage status continues until decree of divorce becomes final under state statute.

Under Rev. St. Neb. 1913, § 1606, providing that "a decree of divorce shall not become final or operative until six months after trial and decision except for the purpose of review," and that if proceedings for review are instituted within the six months "such decree shall not become final until such proceedings are finally determined," as construed by the Supreme Court of the state, the marriage status between the parties continues until the decree becomes final under one or the other of such provisions.

3. Divorce ⬷326—Decree of divorce to be given effect in accordance with law of state.

A decree of divorce is to be given the same effect in any court in the United States that it has in the jurisdiction where it was rendered.

4. Husband and wife ⬷205(2)—Wife cannot sue husband for libel.

Under Missouri Married Woman's Act (Rev. St. Mo. 1909, § 8304), providing that a married woman may sue her husband, either at law or in equity, as construed by the Supreme Court of the state, a wife cannot maintain an action against her husband for libel or other tort committed during coverture.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Action at law by Fannie Hope against Elmer E. Faris. Judgment for plaintiff, and defendant brings error. Reversed.

Allen May, of St. Louis, Mo. (W. R. Littell, of Tarkio, Mo., and Hazlett, Jack & Laughlin, of Beatrice, Neb., on the brief), for plaintiff in error.

⬷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ellis G. Cook, of Maryville, Mo. (McCaffrey & Cook and O. L. Curl, all of Maryville, Mo., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and BOOTH and SYMES, District Judges.

LEWIS, Circuit Judge. [1] This is an action of libel and defendant in error, plaintiff below, recovered damages, both actual and punitive. Defendant below has brought the case here. The libelous character of the publication is not questioned. The principal contention of plaintiff in error is that there was no liability, that is, that there was no cause of action because of the marital relation of the parties at the time the husband is alleged to have committed the tort against the wife. They were married in May, 1918, and while both were domiciled in Nebraska the wife brought suit and obtained a decree of divorce on September 16, 1920, from which the husband appealed. This decree was affirmed by the Nebraska Supreme Court on November 26, 1921, but because of motion for rehearing the decree was not made final until February 1, 1922. The libel was in October, 1921, while the appeal was pending. The plaintiff established her residence in the Western District of Missouri, where she brought this action alleging diversity of citizenship. Barber v. Barber, 21 How. 582, 16 L. Ed. 226. Two questions are presented, first, When did the decree of divorce take effect and dissolve the bonds of matrimony? and, second, If not until after the publication of the libel, could the plaintiff bring and maintain the action? The answer to the first question must be found in the laws of Nebraska. Those laws, both statutory and as declared by its highest court, are within our judicial knowledge. Lemar v. Micou, 114 U. S. 219, 223, 5 Sup. Ct. 857, 29 L. Ed. 94; Hanley v. Donoghue, 116 U. S. 1, 6, 6 Sup. Ct. 242, 29 L. Ed. 535; Fourth National Bank v. Francklyn, 120 U. S. 747, 751, 7 Sup. Ct. 757, 30 L. Ed. 825; Vegaszki v. Coal Co., 225 Fed. 913, 141 C. C. A. 37.

[2] Section 1606 of the Revised Statutes of Nebraska (1913), reads thus:

"A decree of divorce shall not become final or operative until six months after trial and decision except for the purpose of review by proceedings in error or by appeal and for such purposes only, the decree shall be treated as a final order as soon as rendered: Provided, if proceedings in error or by appeal shall have been instituted within said six months, such decree shall not become final until such proceedings are finally determined. If no such proceedings have been instituted, the district court may, at any time within said six months, vacate or modify its decree, but if such decree shall not have been vacated or modified, unless proceedings are then pending with that end in view, the original decree shall at the expiration of six months become final without any further action of the court."

The subject treated was within legislative control and regulation. The meaning of the statute is clear and there can be no doubt of its purpose. In behalf of interested and innocent third parties and as a matter of public policy the statute gives the guilty party locus penitentiæ in the hope of reconciliation, six months if there be no appeal, and if appeal until the proceedings on appeal are finally determined, pending which the decree does not become final or operative. During the times stated the marital relation continues, and that relation had not

been dissolved when the alleged tort was committed. Goldenstein v. Goldenstein (Neb.) 195 N. W. 110; Sovereign Camp W. O. W. v. Billings, 107 Neb. 218, 185 N. W. 426; Everson v. Everson, 101 Neb. 705, 164 N. W. 717. In the Billings Case the husband held a certificate of life insurance. He died within six months after his wife obtained a decree of divorce, and the question presented to the court was whether his mother or his wife was entitled to the proceeds of the insurance certificate which had been paid into court in a controversy between them. It was conceded that if Mrs. Billings was his wife at the time of his death she was entitled to the proceeds, otherwise not. The court held that they had not been divorced, that the decree had not taken effect, and that the money should be paid to the wife. It said:

"Under our interpretation of the divorce statute (Rev. St. 1913, § 1606), providing that the decree of divorce shall not become 'operative until six months after trial and decision except for the purpose of review by proceedings in error or by appeal for such purposes only,' the status of the divorce proceedings, during the six months immediately following the entry of the decree, is that of a pending action. Everson v. Everson, 101 Neb. 705, 164 N. W. 717; Blakely v. Blakely, 102 Neb. 164, 166 N W. 259. During the entire pendency of that decree the marital relation continues. The decree cannot under the law take effect and dissolve the marriage until at the expiration of the six months' period. In order that a marriage status be dissolved by a decree of divorce, such status obviously must exist at the time of the taking effect of the decree. When the marriage relation is extinguished by death prior to the time when the decree can go into effect then the subject-matter, upon which the decree would otherwise have operated, is gone, and the parties to the suit manifestly can never be divorced by operation of law. * * * At the time of the death of the insured, appellee was, in law as well as in practical effect, the wife of the insured. The marital relation had not been dissolved, nor had the appellee been severed from all beneficial interest arising from the marriage relation. Her relation in fact toward the person and estate of the insured was not, as appellant argues, that of a divorced wife."

[3] It was the duty of the trial court and is the duty of this court to give to the divorce decree the same effect that it had and has in the jurisdiction where it was rendered. U. S. Comp. Stats. § 1519; Hampton v. McConnell, 3 Wheat. 234, 4 L. Ed. 378; Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Insurance Co. v. Harris, 97 U. S. 331, 24 L. Ed. 959; Metcalf v. Watertown, 153 U. S. 671, 676, 14 Sup. Ct. 947, 38 L. Ed. 861; Glencove Granite Co. v. City Trust, Safe Deposit & Surety Co., 118 Fed. 386, 388, 55 C. C. A. 212. We think there can be no doubt that the decree did not take effect and dissolve the marriage relation until the divorce suit was finally disposed of on appeal in February, 1922.

[4] But it is contended that under the Married Woman's Act of Missouri, where the alleged tort was committed, an action can be maintained for a tort committed by one spouse against the other during coverture. The Supreme Court of that State has not so construed the statute, but to the contrary. Rogers v. Rogers, 265 Mo. 200, 177 S. W. 382; Ex parte Badger, 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 286. In considering the statute that court in the last-named case held:

"In view of Rev. St. 1909, § 8304, relating to the rights of married women, a wife may sue her husband either at law or in equity, except as to a personal tort."

In Thompson v. Thompson, 218 U. S. 611, 31 Sup. Ct. 111, 54 L. Ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921, a Married Woman's Act which applied to the District of Columbia was considered and the same conclusion announced as in the Missouri case. This is in accord with the great weight of authority. See Peters v. Peters, 156 Cal. 32, 103 Pac. 219, 23 L. R. A. (N. S.) 699; Heyman v Heyman, 19 Ga. App. 634, 92 S. E. 25; Libby v. Berry, 74 Me. 286, 43 Am. Rep. 589; Peters v. Peters, 42 Iowa, 182; Bandfield v. Bandfield, 117 Mich. 80, 75 N. W. 287, 40 L. R. A. 757, 72 Am. St. Rep. 550; Dishon's Adm'r v. Dishon's Adm'r, 187 Ky. 497, 219 S. W. 794, 13 A. L. R. 625; Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022; Freethy v. Freethy, 42 Barb. (N. Y) 641; Oken v. Oken, 44 R. I. 291, 117 Atl. 357; Lillienkamp v. Rippetoe, 133 Tenn. 57, 179 S. W. 628, L. R. A. 1916B, 881, Ann. Cas. 1917C, 901; Wilson v. Brown (Tex. Civ. App.) 154 S. W. 322; Keister's Adm'r v. Keister's Extr., 123 Va. 157, 96 S. E. 315, 1 A. L. R. 439; Schultz v. Christopher, 65 Wash. 496, 118 Pac. 629, 38 L. R. A. (N. S.) 780.

The defendant in error relies upon Fitzpatrick v. Owens, 124 Ark. 167, 186 S. W. 832, 187 S. W. 460, L. R. A. 1917B, 774, Ann. Cas. 1918C, 772, and Brown v. Brown, 88 Conn. 42, 89 Atl. 889, 52 L. R. A. (N. S.) 185, Ann. Cas. 1915D, 70, in both of which the wife was permitted, under construction given to the Married Woman's Act in those cases, to maintain an action against the husband for torts during coverture. To these may be added Johnson v. Johnson, 201 Ala. 41, 77 South. 335, 6 A. L. R. 1031; Gilman v. Gilman, 78 N. H. 4, 95 Atl. 657, L. R. A. 1916B, 907; Roberts v. Roberts, 185 N. C. 566, 118 S. E. 9, 29 A. L. R. 1479; Fiedler v. Fiedler, 42 Okl. 124, 140 Pac. 1022, 52 L. R. A. (N. S.) 189; and Prosser v. Prosser, 114 S. C. 45, 102 S. E. 787. These different Acts, of course, are couched in somewhat different phraseology, and the apparent conflict in some of the cases is due to that fact, notably the Fitzpatrick Case, in which many of the cases denying recovery are discussed and the Arkansas statute construed to have entirely removed the wife's disability and to have abolished in toto the common-law rule. We are bound to the construction of the Missouri Act given to it by the Supreme Court of that State, reinforced, as it were, by Thompson v. Thompson.

The point made was presented to the trial court by plea in bar, in the answer and on motion for directed verdict. We are constrained to hold that the court erred in not sustaining it. Reversed and remanded.