HARVEY *v.* HARVEY.

1. HUSBAND AND WIFE—COMMON-LAW RULE THAT NEITHER SPOUSE MAY BRING TORT ACTION AGAINST THE OTHER PREVAILS UNLESS ABROGATED BY STATUTE.

The common-law rule that neither husband nor wife may bring an action against the other for personal tort prevails in Michigan unless abrogated by statute.

2. SAME—MARRIED WOMEN'S ACT—WIFE MAY NOT SUE HUSBAND FOR TORT.

3 Comp. Laws 1915, § 12357, providing that when a cause of action shall accrue to, or arise against, any married woman, she may sue or be sued in the same manner as if she were sole, does not confer a right of action upon a wife against her husband for injuries she received through his negligence while riding in an automobile driven by him.

[1]Husband and Wife, 30 C. J. §§ 672, 675; [2]Id., 30 C. J. § 675; 6 L. R. A. (N. S.) 191; 30 L. R. A. (N. S.) 1153; 52 L. R. A. (N. S.) 185; 29 A. L. R. 1472; 33 A. L. R. 1406; 44 A. L. R. 794; 13 R. C. L. 1396; 3 R. C. L. Supp. 143; 4 R. C. L. Supp. 859; 5 R. C. L. Supp. 735; 6 R. C. L. Supp. 786.

Error to Manistee; Cutler (Hal L.), J.    Submitted April 7, 1927.    (Docket No. 42.)    Decided June 6, 1927.

Case by Susan Harvey against John W. Harvey, Jr., for personal injuries.    Judgment for defendant. Plaintiff brings error.    Affirmed.

*Howard L. Campbell,* for appellant.

*Cornelius Hoffius* and *Dorr Kuizema,* for appellee.

WIEST, J.    Plaintiff is the wife of defendant and brought this suit to recover damages for injuries she received while riding in an automobile driven by her husband.    In the circuit judgment passed for defendant on the ground that a wife cannot maintain an action against her husband to recover damages for an injury occasioned by his negligence.    Plaintiff reviews by writ of error.

The question here presented was decided adversely to plaintiff in *Bandfield* v. *Bandfield,* 117 Mich. 80 (40 L. R. A. 757, 72 Am. St. Rep. 550), but counsel for plaintiff points to an amendment of the statute after that decision, and claims right to maintain the action by virtue of section 12357, 3 Comp. Laws 1915, which provides:

"Whenever a cause of action shall accrue to, or arise against any married woman, she may sue or be sued in the same manner as if she were sole."

It is conceded that at common law no such action could be brought and that the common-law rule still prevails unless abrogated by the quoted statute.

The circuit judge, in construing the statute, said:

"It is my thought that the statute (§ 12357) relied upon by plaintiff authorizes suits only when the cause of action, if any, *'shall accrue to her.'*    Plaintiff can-

not invoke the aid of that statute in this case because under the common law no cause of action can or did 'accrue' to her under like circumstances.   There is no statutory authorization for such cause of action in Michigan, either express or implied, hence none exists."

Plaintiff contends for the minority rule supported by *Bushnell* v. *Bushnell,* 103 Conn. 583 (131 Atl. 432, 44 A. L. R. 785) ; *Brown* v. *Brown,* 88 Conn. 42 (89 Atl. 889, 52 L. R. A. [N. S.] 185, Ann. Cas. 1915D, 70) ; *Roberts* v. *Roberts,* 185 N. C. 566 (118 S. E. 9, 29 A. L. R. 1479) ; *Fiedler* v. *Fiedler,* 42 Okla. 124 (140 Pac. 1022, 52 L. R. A. [N. S.] 189) ; *Gilman* v. *Gilman,* 78 N. H. 4 (95 Atl. 657, L. R. A. 1916B, 907) ; *Fitzpatrick* v. *Owens,* 124 Ark. 167 (186 S. W. 832, 187 S. W. 460, L. R. A. 1917B, 774, Ann. Cas. 1918C, 772) ; *Johnson* v. *Johnson,* 201 Ala. 41 (77 South. 335, 6 A. L. R. 1031) ; *Harris* v. *Harris,* 211 Ala. 222 (100 South. 333) ; *Prosser* v. *Prosser,* 114 S. C. 45 (102 S. E. 787) ; *Wait* v. *Pierce,* 191 Wis. 202 (209 N. W. 475).

Defendant contends for the majority rule adopted by this court in *Bandfield* v. *Bandfield, supra,* and supported by *Thompson* v. *Thompson,* 218 U. S. 611 (31 Sup. Ct. 111, 30 L. R. A. [N. S.] 1153, 21 Ann. Cas. 921) ; *Libby* v. *Berry,* 74 Me. 286 (43 Am. Rep. 589) ; *Maine* v. *James Maine & Sons Co.,* 198 Iowa, 1278 (201 N. W. 20, 37 A. L. R. 161) ; *Rogers* v. *Rogers,* 265 Mo. 200 (177 S. W. 382) ; *Lillienkamp* v. *Rippetoe,* 133 Tenn. 57 (179 S. W. 628, L. R. A. 1916B, 881, Ann. Cas. 1917C, 901) ; *Schultz* v. *Christopher,* 65 Wash. 496 (118 Pac. 629, 38 L. R. A. [N. S.] 780) ; *Butterfield* v. *Butterfield,* 195 Mo. App. 37 (187 S. W. 295, 197 S. W. 374) ; *Dishon* v. *Dishon,* 187 Ky. 497 (219 S. W. 794, 13 A. L. R. 625) ; *Strom* v. *Strom,* 98 Minn. 427 (107 N. W. 1047, 6 L. R. A. [N. S.] 191, 116 Am. St. Rep. 387) ; *Woltman* v. *Woltman,*

153 Minn. 217 (189 N. W. 1022, 22 N. C. C. A. 418) ;
*Keister* v. *Keister,* 123 Va. 157 (96 S. E. 315, 1 A. L.
R. 439) ; *Peters* v. *Peters,* 156 Cal. 32 (103 Pac. 219,
23 L. R. A. [N. S.] 699) ; *Oken* v. *Oken,* 44 R. I. 291
(117 Atl. 357) ; *Austin* v. *Austin,* 136 Miss. 61 (100
South. 591, 33 A. L. R. 1388) ; *In re Badger,* 286
Mo. 139 (226 S. W. 936, 14 A. L. R. 286) ; *Faris* v.
*Hope,* 298 Fed. 727; *Schultz* v. *Schultz,* 89 N. Y. 644;
*Heyman* v. *Heyman,* 19 Ga. App. 634 (92 S. E. 25) ;
*Smith* v. *Smith,* 29 Pa. Dist. Rep. 10.

Much learning has been devoted to this question and
the decisions contain all that can be said on the sub-
ject.     By legislation common-law disabilities of the
wife have been largely lifted, but lifting a disability
does not operate to grant a right of action theretofore
nonexistent between husband and wife.

In *Austin* v. *Austin, supra,* the action was by the
wife against the husband for injuries she received
while riding as a guest in an automobile driven by
her husband.     The court, after listing some of the
common-law disabilities of coverture, said:

"There was no right of action in either the husband
or the wife for a personal tort of the other.     The
wife was without right of action against her husband
for any wrong against her estate.     The wife's dis-
ability to sue the husband was not alone for lack of
a remedy.     That was merely incidental.     It was for
the lack of any cause of action.     Therefore, in order
to remove any disability of coverture affecting her
right to sue, it was necessary to confer a right of
action on her.     Giving her a remedy to sue was not
sufficient."

The Mississippi statute involved in that case pro-
vided:     "Husband and wife may sue each other."
Of this statute the court said that it "confers on
neither any right of action against the other.     Its
purpose was to authorize suits by husband and wife

against each other where there existed a cause of action."

The court also pithily remarked:

"At common law there was no right of action either by husband or wife against the other for a personal tort. There was absolute equality in that respect. Therefore there was no occasion to emancipate the wife with reference to such torts, because the husband was under the same sort of disability as the wife.

"If appellant's contention were sound, we would have the novel situation of the wife having a cause of action against her husband for a personal tort, while the husband would have no such right against the wife; for there is nothing either in our constitution or the statutes which gives any such right to the husband."

This graphically points out the unsoundness of the assertion that, granting the wife right to sue as though a *femme sole,* gives her a right of action not accorded the husband. Surely the legislature, in conferring equality of right to sue, did not confer a right of action never possessed by husband or wife at common law. While married women's acts of the various States differ somewhat in phraseology they are quite alike in purpose and effect.

In *Wait* v. *Pierce, supra,* the court, in holding that the married women's act gave a wife a right of action against her husband for a tort, made this observation:

"It is only when the ideal family relation has for some reason been disrupted that rights under the statute are asserted."

We can conceive of circumstances where liability insurance, carried by the husband, might prove the moving factor and not at all disrupt connubial bliss in collecting from an insurance company.

In *Maine* v. *James Maine & Sons, supra,* a suit by a wife to recover damages occasioned by personal injuries she received while riding in an automobile

driven by her husband, the court made the following pertinent observation:

"The occasion for a controversy of this character between parties so related and associated may be found in the fact, shown in evidence, that the appellant company carried a policy protecting it against liability for damages caused by the automobile in question."

In *Keister* v. *Keister, supra,* the court stated that the statute of Virginia provides:

\* \* \* "A married woman may contract and be contracted with, sue \* \* \* in the same manner and with the same consequences as if she were unmarried, whether the right or liability asserted by \* \* \* her, shall have accrued before or after the passage of this act, \* \* \*

and, in holding the statute does not confer upon a married woman a right of action against her husband for a personal tort, so well considered the subject involved in the case at bar that we make liberal quotation therefrom:

"In regard to the very ancient maxim that wherever there is a right there is a remedy, it is said in 1 Cooley on Torts (3d Ed.), p. 22:

" 'No Wrong Without a Remedy. Judicial development of the law is perceived in two forms: In the recognition of rights and in giving a remedy for the invasion or deprivation of rights. \* \* \* A right cannot be recognized until the principle is found which supports it. But when a right is found, a remedy must follow of course.'

"The primary inquiry confronting us in the instant case, therefore, is whether the married women's statute in Virginia, the portion of which relied on by the plaintiff in error is quoted above, confers upon married women during coverture the substantive civil right essential to support a cause of action in a suit at law for damages instituted during the coverture by a wife against her husband, for an assault upon her committed by the husband during the coverture?

"The substantive civil right in question is a legal

existence—a legal personality—of a married woman, separate and apart from the legal personality of her husband, during coverture.      Such a right a married woman had not and has not at common law.

"The inquiry before us, therefore, is not whether the statute relied on, as aforesaid, has given married women the same remedies they would have if unmarried (whether as if they had never married, or as if no longer married) to enforce or to obtain compensation for the invasion of substantive rights which may accrue to married women (whether at common law or by statute), but whether the statute aforesaid has conferred on married women the particular substantive right aforesaid.      This is apparent when we consider that the statute may do the former completely, and yet, if a married woman be not given the civil right aforesaid, out of the invasion of which only can arise the cause of action in question, the remedy given her by the statute can avail her nothing in an action such as that in question.

"Hence, it must be constantly borne in mind in the consideration of the subject before us that the primary inquiry is, has the statute last quoted conferred upon married women the substantive right above mentioned —has it changed the rule of the common law on this subject?

"Now with respect to the construction of statutes in derogation of the common law there are certain well settled rules which have been so long and so well established that we need but to refer to them.      Among those rules is the following:   The legislature is presumed to have known and to have had the common law in mind in the enactment of the statute; and the statute will be construed to read as if the common law remained unchanged (that is to say, the statute will be read along with the provisions of the common law, and the latter will be read into the statute), unless the purpose of the statute to change the common law appears from the express language of it or by necessary implication from such language.   *   *   *

"Coming now to construe the statute of Virginia aforesaid in the light of the common law on the subject, and by aid of the rule of statutory construction mentioned, we are met by the following considerations:

"Such statute does not expressly confer the substantive right aforesaid. Does it do so by necessary implication? If so, it must, of course, be done by words of no uncertain meaning; by language which must not be entirely consistent with the common law on the subject remaining unaltered. * * *

"That is to say, the statute under consideration merely provides that at all times during the coverture a married woman is thereby given a right to sue, provided she had, at the time it is alleged that the cause of action arose, the substantive civil right which was necessary, as aforesaid, to give rise to such cause of action. The statute, therefore, is entirely consistent with the common law, which does not confer the substantive right aforesaid on married women, and hence does not change the common law in that regard by implication. That is to say, the portion of the statute under consideration has reference only to the remedies thereby given to married women and does not confer the substantive right necessary to support the right of a married woman to sue her husband for an assault upon her committed by him during the coverture."

The circuit judge followed the rule in this State, and supported elsewhere by the great weight of authority.

The judgment is affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.