ANNIE COMSTOCK *v.* E. B. COMSTOCK.

November Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1934.

*H. William Scott* and *J. J. Finn* for the plaintiff.

*Fred E. Gleason* for the defendant.

SLACK, J.   The single question for review is whether a married woman can maintain an action against her husband, under the laws of this State, for injuries caused by his gross negligence in operating an automobile in which she was riding as his guest. The case was heard below on the pleadings and resulted in a judgment for defendant, to which plaintiff excepted.

■ The solution of the question presented depends upon the construction to be given G. L. 3521 and 3524, since at common law neither spouse could sue the other, nor could the wife sue or be sued as a *feme sole*.

G. L. 3521 provides: ''A married women may make contracts with any person other than her husband, and bind herself and her separate property, in the same manner as if she were unmarried, and may sue and be sued as to all such contracts made by her, either before or during coverture, without her husband being joined in said action as plaintiff or defendant, and execution may issue against her and be levied on her sole and separate property.''

G. L. 3524 provides: ''All personal property and rights of action acquired by a woman before coverture, or during coverture, except by gift from her husband, shall be held to her sole and separate use, and neither a wife's separate property nor the rents, issues, income and products of the same shall be subject to the disposal of her husband or liable for his debts; but nothing herein contained shall authorize a claim by either husband or wife against the other for personal services.''

The plaintiff insists that these provisions of the statute give her the right to maintain this action. In support of this claim, she relies upon *Wright* v. *Burroughs,* 61 Vt. 390, 18 Atl. 311, 312; *Brown* v. *Brown,* 88 Conn. 42, 89 Atl. 889, 891, 52 L. R. A. (N. S.) 185, Ann. Cas. 1015D, 70; *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 Atl. 432, 44 A. L. R. 785; *Seaver* v. *Adams,* 66 N. H. 142, 19 Atl. 776, 49 A. S. R. 597; *Gilman* v. *Gilman,* 78 N. H. 4, 95 Atl. 657, L. R. A. 1916B, 907; *Maryland Casualty Co.* v. *Lamarre,* 83 N. H. 206, 140 Atl. 174; *Wait* v. *Pierce,* 191 Wis. 202, 209 N. W. 475, 48 A. L. R. 276; *Crowell* v. *Crowell,* 180 N. C. 516, 105 S. E. 206; *Johnson* v. *Johnson,* 201 Ala. 41, 77 So. 335, 6 A. L. R. 1031; *Prosser* v. *Prosser,* 114 S. C. 45, 102 S. E. 787; *Fiedler* v. *Fiedler,* 42 Okla. 124, 140 Pac. 1022, 52 L. R. A. (N. S.) 189; and *Katzenberg* v. *Katzenberg,* 183 Ark. 626, 37 S. W. (2nd) 696.

*Wright* v. *Burroughs* was an action by husband and wife upon a promissory note payable to the wife, and the question was whether under the statute the wife *might* or *must* sue in her name alone. In holding the statute was mandatory the Court said: ''When we consider that its purpose was to cut up by the roots the marital rights of the husband in the wife's personal

property and rights of action, and set her free from the thraldom of the common law in respect thereof, and confer upon her the rights and privileges of an independent legal existence, it would be inconsistent with the spirit of the act to construe it permissive merely and not mandatory." The court was there dealing with the right of a wife to sue a person other than her husband, as in *Story et ux.* v. *Downer et ux.,* 62 Vt. 243, 20 Atl. 321; *Knapp* v. *Wing,* 72 Vt. 334, 47 Atl. 1075; and *Russell* v. *Phelps,* 73 Vt. 390, 50 Atl. 1101; and while it said that the purpose of the statute is to cut up by the roots the marital rights of the husband in the wife's personal property and rights of action, etc., it did not intimate that the Legislature intended to create a right of action that did not exist before. Therein lies one difficulty with plaintiff's claim, as will be seen later.

In considering the bearing of cases from other jurisdictions on the question before us, it is necessary to have in mind the provisions of the statute upon which such cases are predicated, as well as the provisions of our own statute.

The Connecticut cases cited by plaintiff, and *Mathewson* v. *Mathewson,* 79 Conn. 23, 63 Atl. 285, 5 L. R. A. (N. S.) 611, 6 Ann. Cas. 1027, hold that the statute of that state effected "a fundamental change of public policy" of that state; that the legislative intent "was to change the foundation of the legal relation of husband and wife"; that under their statute the parties "retain their legal identity," and, consequently, that the wife may contract with her husband and may sue him for breach of his contracts and for his torts. But it is said in *Brown* v. *Brown, supra,* that "where an act which leaves the foundation of the marriage status unchanged, and merely provides exceptions to the necessary consequences of that status, such exceptions may properly be limited by the necessary import of the language describing them. If the legislative intent in such an enactment is not to change the foundation upon which the status of married persons was based at common law, namely, their legal identity, but its purpose is to empower the wife, while that status exists, to contract and sue in her own name like a *feme sole,* it might well be held that the language bestowing this right could not be so extended as to permit her to contract with her husband or to sue him for a tort, because the statute intends that her identity shall be merged in that of her husband."

The New Hampshire cases cited by plaintiff hold that the statutes of that state give a married woman the right to sue her husband for his torts, following much the same line of reasoning advanced in the Connecticut cases. Other cases cited by plaintiff hold the same way, but the various statutes involved are so unlike our own that they give but little support, if any, to her claim.

Among the cases that hold the contrary are *Thompson* v. *Thompson,* 218 U. S. 611, 31 Sup. Ct. 111, 112, 54 L. ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921; *Abbott* v. *Abbott,* 67 Me. 304, 24 A. S. R. 27; *Libby* v. *Berry,* 74 Me. 286, 43 A. S. R. 589; *Oken* v. *Oken,* 44 R. I. 291, 117 Atl. 357; *Rogers* v. *Rogers,* 265 Mo. 200, 177 S. W. 382; *Lillienkamp* v. *Rippetoe,* 133 Tenn. 57, 179 S. W. 628, L. R. A. 1916B, 881, Ann. Cas. 1917C, 901; *Schultz* v. *Christopher,* 65 Wash. 496, 118 Pac. 629, 630, 38 L. R. A. (N. S.) 780; *Butterfield* v. *Butterfield,* 195 Mo. App. 37, 187 S. W. 295; *Dishon's Admr.* v. *Dishon's Admr.,* 187 Ky. 497, 219 S. W. 794, 13 A. L. R. 625; *Strom* v. *Strom,* 98 Minn. 427, 107 N. W. 1047, 1048, 6 L. R. A. (N. S.) 191, 116 A. S. R. 387; *Woltman* v. *Woltman,* 153 Minn. 217, 189 N. W. 1022; *Bandfield* v. *Bandfield,* 117 Mich. 80, 75 N. W. 287, 40 L. R. A. 757, 72 A. S. R. 550; *Harvey* v. *Harvey,* 239 Mich. 142, 214 N. W. 305, 306; *Keister's Admr.* v. *Keister's Exrs.,* 123 Va. 157, 96 S. E. 315, 1 A. L. R. 439; *Peters* v. *Peters,* 156 Cal. 32, 103 Pac. 219, 23 L. R. A. (N. S.) 699; *Austin* v. *Austin,* 136 Miss. 61, 100 So. 591, 592, 33 A. L. R. 1388; *Heyman* v. *Heyman,* 19 Ga. App. 634, 92 S. E. 25, 27; *Schultz* v. *Schultz,* 89 N. Y. 644; *Faris* v. *Hope* (C. C. A.), 298 Fed. 727; Cooley on Torts (3d ed.) 474, and note.

The statute involved in *Thompson* v. *Thompson, supra,* gave married women the right to sue separately for "the recovery, security, or protection of their property, and for torts committed against her as fully and freely as if she was unmarried." Concerning this statute the court said: "The limitation upon her right of action imposed by the requirement of the common law that the husband should join her was removed by the statute, and she was permitted to recover separately for such torts, as freely as if she were still unmarried. The statute was not intended to give a right of action as against the husband, but to allow the wife, in her own name, to maintain actions of tort which, at common law, must be brought in the joint names

of herself and her husband." Mr. Justice Harlan delivered a dissenting opinion in that case, in which Justices Holmes and Hughes joined, but we think the majority view the better interpretation of the statute there in question.

In *Libby* v. *Berry, supra,* the court said regarding the statute of that state: "It only authorized her (the wife) to maintain alone such actions as previously could be sustained when brought by the husband alone or by the husband and wife jointly. It enlarged not her right of action, but her sole right of action. It does not enable her to maintain suits which could not have been maintained before, but to bring in her own name those which before must have been brought in the husband's name, either alone or as a party plaintiff with her."

In *Heyman* v. *Heyman, supra,* the court said: "The rights of the wife are purely statutory, and, broad as our laws are, in granting to the wife the right to own property, to contract and sue and be sued, and to sue without joining her husband for torts resulting from the negligence of others, the lawmaking power has given her no right to sue her husband * * * for a tort committed by him."

In *Strom* v. *Strom, supra,* it is said: "Counsel for plaintiff, however, urge that the right to maintain an action for a personal tort is a property right, hence it falls within the express terms of the statute. But as we have stated the right of a married woman to maintain an action against her husband for a personal tort is not given by the statute. There being no right of action in this respect it follows of necessity that there is no property right to protect."

It is said in *Schultz* v. *Christopher, supra:* "The only object that the statute had was the commendable one of abolishing the tyranny of sex, and the placing of husband and wife upon an equal footing. It did not go further than this; and when it is conceded that the husband has not the right under the statute, and did not have at common law, to sue the wife for a tort, it is plain that no such right is conferred upon the wife."

It is said in *Harvey* v. *Harvey, supra:* "By legislation common-law disabilities of the wife have been largely lifted, but lifting a disability does not operate to grant a right of action theretofore nonexistent between husband and wife * * *. Surely the Legislature, in conferring equality of right to sue, did not

confer a right of action never possessed by husband or wife at common law.''

The Mississippi statute contains an express provision that: ''Husband and wife may sue each other.'' Code 1906, § 2518. Yet in *Austin* v. *Austin, supra,* the court, after listing some of the common-law disabilities of coverture, said: ''There was no right of action in either the husband or the wife for a personal tort of the other. The wife was without right of action against her husband for any wrong against her estate. The wife's disability to sue the husband was not alone for lack of a remedy. That was merely incidental. It was for the lack of any cause of action. Therefore, in order to remove any disability of coverture affecting her right to sue, it was necessary to confer a right of action on her. Giving her a remedy to sue was not sufficient.''

The court further said: ''At common law there was no right of action either by husband or wife against the other for a personal tort. There was absolute equality in that respect * * *. If appellant's contention were sound, we would have the novel situation of the wife having a cause of action against her husband for a personal tort, while the husband would have no such right against the wife: for there is nothing either in our Constitution or the statutes which gives any such right to the husband.''

The Virginia statute (code 1919, § 5134) provides: ''A married woman may contract and be contracted with, sue * * * in the same manner and with the same consequences as if she was unmarried,'' etc. Yet in *Keister's Admr.* v. *Keister's Exrs., supra,* it was held, in a well-considered opinion, that the statute did not confer upon the wife the right to sue her husband for a tort.

Judge Cooley in his work on Torts (3d ed.) 474, states the rule thus: ''For a personal tort by the husband to her person or reputation the wife can sustain no action. She must rely upon the criminal law for her protection, or seek relief in separation or in proceedings for a divorce. Where the wife is by statute given full control over property acquired by her, the marital relations will not protect the husband against an action for unlawfully interfering with the property; but under such a statute the wife cannot maintain an action against the husband for a personal injury.''

56

Further reference to cases from other jurisdictions is unnecessary. A decided majority of them oppose rather than support plaintiff's claim.

It is apparent that G. L. 3521 deals solely with the contractual rights of married women: "A married woman may make contracts with any person *other than her husband* * * * may sue and be sued as to all *such* contracts * * * without her husband being joined in '*said*' action as plaintiff or defendant." Clearly this statute does not empower the plaintiff to maintain this action. G. L. 3524 provides: "All personal property and rights of action acquired by a woman before coverture, or during coverture, except by gift from her husband, shall be held to her sole and separate use," etc. It seems equally clear that this provision does not give a married woman a right of action against her husband for his torts. To hold otherwise it must be said that the Legislature intended to create a right of action where none existed before. Not so with torts committed by a third person against a married woman. In such instances a right of action existed by reason of the injury to the wife, but because of the legal identity of the husband and wife it had to be brought by the husband alone or by him and his wife jointly. We think that the sole purpose of the statute was to do away with this anomaly and enable married women to maintain, in their own names, such actions as could formerly be maintained by the husband alone or by him and the wife. In other words, the purpose of the statute was not to abolish the legal identity of husband and wife, but to empower the wife, while that status exists, to sue and be sued in her own name like a *feme sole* in those instances where a right of action arose by reason of injuries to her committed by someone other than her husband. Herein our statute differs from the construction given the Connecticut statute in the cases cited, and falls within the exception noted in the Brown Case. That this is so is apparent from the fact that under our statute the wife cannot contract with her husband, G. L. 3521; neither can maintain a claim against the other for personal services, G. L. 3524; only in certain instances can a married woman, by her sole deed, mortgage or convey her real estate, G. L. 3523; and the annual products of her real estate are liable for debts contracted by her husband for necessaries for her and the family of the husband, G. L. 3525. That the Legislature intended to do no more than

to place the wife on a parity with her husband respecting certain matters seems certain, yet the construction contended for by plaintiff creates a right of action in the wife where none exists in the husband, either at common law or under the statute.

Despite what some courts have said concerning the antiquated and barbaric features of the common-law status of husband and wife, it is not certain that some of the modern legislation on the subject will prove beneficial.

As is said in *Austin* v. *Austin, supra:* "Secrecy will cover many troubles of the home, while publicity will only add fuel to the flames." In *Wait* v. *Pierce,* a case cited by plaintiff, the court said: "It is only when the ideal family relation has for some reason been disrupted that rights under the statute are asserted." In answer to this the Michigan court in *Harvey* v. *Harvey, supra,* pithily said: "We can conceive of circumstances where liability insurance, carried by the husband, might prove the moving factor and not at all disrupt connubial bliss in collecting from an insurance company."

Of course the *moving factor* is immaterial. If the right exists, the wife is entitled to assert it; if it does not exist, she has no standing in court. Clearly such right is not to be found in express terms in our statute; nor can it be fairly implied from the language used. If such a radical change is to be made in the common-law rights and liabilities of married persons, as that urged by the plaintiff, it must be made by clear legislative enactment and not by this Court in giving an unwarranted construction to the statute before us.

*Judgment affirmed.*