JOHN SARGEANT v. MARY FEDOR AND MICHAEL FEDOR.

Decided August 26, 1925.

Slander—Husband's Liability For Wife's Torts—Slander Not Uttered in Husband's Presence Not at His Command—At Common Law Husband and Wife Jointly Liable—General Property Acts Do Not Change by Implication, the Husband's Common Law Liability For Wife's Torts Not Growing Out of the Conduct of Her Own Business nor the Management of Her Separate Property—The Tort in Question Not Excepted by Statute.

On appeal from the Bergen County District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellee, *Feder & Rinzler.*

For the defendants-appellants, *Weinberger & Weinberger.*

PER CURIAM.

This action was tried by the court, without a jury, resulting in a judgment for the plaintiff against both defendants ·for $100. Then action was brought against the defendants, husband and wife, for alleged· slander by the defendant wife as follows: "He [the plaintiff] stole a piano; he is a thief."

The contention is that error was committed in the refusal to direct a verdict in favor of the defendant husband, inasmuch as the court found that the slander was the wife's voluntary tort, not uttered in the husband's presence nor at his command. At common law the husband was jointly liable for the voluntary torts of his wife, and this rule has not been abrogated in this state by express statute.

By the weight of authority the general property acts relating to married women do not change by implication the husband's common law liability for his wife's torts. 13 *R. C. L.* 1233, § 268; 30 *Corp. Jur.* 787, § 417; 27 *A. L. R.* 1218, *note; Ann. Cas.* 1915, *D* 1206, *note.* Nor the common law rule that one spouse may not sue the other in tort. 29 *A. L. R.* 1482. But since the passage of the married woman's acts, a husband is not liable for the torts of his wife, growing out of the conduct by her of her own business or arising from the management by her of her separate property. *Harrington* v. *Jagmetty,* 83 *N. J. L.* 548.

This tort in question, however, is not included in the statutory exceptions in this state, and the husband's liability, therefore, persists, viz., that punitive damages may be assessed against the husband, though he in no way participated in the wife's tort. 13 *R. C. L.* 1237, § 273. Some states take a contrary view. *Price* v. *Clapp,* 105 *S. W. Rep.* 864, *Ann. Cas.* 1913 *D* 998. But since the common law rule of liability is adhered to in this state, as against the husband, the consequent rule of common law damage is equally applicable.

The judgment will be affirmed.