## LEONARDI v. LEONARDI.

*Husband and wife—Wife cannot sue husband for damages for negligent acts.*

A wife cannot maintain an action against her husband to recover damages for a personal injury caused by his negligent act.

(Decided September 1, 1925.)

ERROR:   Court of Appeals for Lake county.

*Messrs. Giblin & Giblin,* for plaintiff in error.
*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart,* for defendant in error.

POLLOCK, J.   The plaintiff in error brought an action in the court of common pleas of Lake county to recover damages against the defendant in error for injuries she claims to have sustained while riding in the automobile owned and operated by the defendant.   She claims her injuries were caused by the negligence of the defendant in operating the automobile.   She, also, alleged that the defendant is her husband, and was such at the time she was injured.

The defendant filed a general demurrer to the petition, which was sustained on the ground that the wife could not recover damages from her husband for an injury caused by his negligence. Plaintiff not desiring to plead further, her action was dismissed.

At common law neither the husband nor wife

could maintain an action in tort against the other. 30 Corpus Juris, p. 714, Section 317.

It is not contended by the plaintiff that she could maintain her action at common-law, but she claims that this common law principle has been abrogated by the legislation of this state. She calls attention to Section 11245, General Code, in connection with the chapter defining the legal relation of husband and wife, beginning with Section 7995 and ending with 8004.

Section 11245 is found in the chapter relating to parties to an action, and provides: "A married woman shall sue and be sued as if she were unmarried, and her husband be joined with her only when the cause of action is in favor of or against both."

It does not purport to create any new grounds of recovery in the wife which did not exist at common law, but only to enable the wife to maintain an action in her own name, which prior to the Code must have been brought in the joint name of the husband and wife.

When we turn to the chapter defining the legal rights and liabilities between husband and wife, we find that it first relates to their marital relations, but in no way increases the right of the wife to maintain an action against her husband.

The further provisions of this chapter, so far as we need to refer to them, provide: "Neither husband nor wife has any interest in the property of the other, except as mentioned in the next preceding section, the right to dower and to remain in the mansion house after the death of either, as provided by law; and neither can be excluded from

the other's dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction." Section 7998.

"A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other." Section 7999.

"A husband and wife cannot by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation." Section 8000.

"A married person may take, hold and dispose of property, real or personal, the same as if unmarried." Section 8001.

The Code provisions above noted, which modify the common-law rights of husband and wife, refer to their property relations, but do not enlarge the right of action of either against the other for personal wrongs.

Section 8002 relieves husband or wife from liability for the individual acts of the other.

The common-law principle of nonliability for a tort committed by either husband or wife upon the other was not on the ground that the antenuptial property of the wife at marriage was acquired by the husband, but because the husband and wife were at common law one person.

The legal existence of the wife was merged in

that of the husband. 13 Ruling Case Law, 1394, Section 443.

The Supreme Court of this state, in the case of *State* v. *Phillips,* 85 Ohio St., 317, 97 N. E., 976, 40 L. R. A., (N. S.), 142, Ann. Cas., 1913B, 250, holds: "The common-law rule that neither husband nor wife can be prosecuted for larceny of the goods of the other, is not abrogated by Sections 7995 to 8004, General Code, defining the rights and liabilities of husband and wife."

In the opinion in this case, Davis, Chief Justice, on page 323 (97 N. E., 977), said: "The Legislature was contemplating the expressed purpose of the statutes, and that only. They were not at that time considering crimes and criminal procedure; and surely they cannot be presumed to have intended a thing which they did not clearly express and which is fraught with such far-reaching and radical consequences to the law of the domestic relations, for the abrogation of the doctrine of the legal unity of husband and wife, when pushed to its logical conclusion, would not only create crimes where there were none before, but would also authorize a husband or wife to maintain civil actions for tort against the other, such as actions for personal injuries, assault, false imprisonment, or slander (15 Am. & Eng. Ency. Law [2d Ed.] 857) thus multiplying a hundred fold the unhappy differences which have to be settled in the divorce courts. We cannot assume that the Legislature intended this without very clear evidence of such an intention in the language of the statutes."

The leading case construing the statute which

modified the common-law relation of husband and wife is that of *Thompson* v. *Thompson,* 218 U. S., 611, 31 S. Ct., 111, 54 L. Ed., 1180, 30 L. R. A., (N. S.), 1153, 21 Ann. Cas., 921. A statute of the District of Columbia was under consideration by the Supreme Court in that case, which reads, in part, as follows:

*"Power of Wife to Trade and Sue and be Sued.* —Married women shall have power to engage in any business, and to contract, whether engaged in business or not, and to sue separately upon their contracts, and also to sue separately for the recovery, security, or protection of their property, and for torts committed against them, as fully and freely as if they were unmarried; contracts may also be made with them, and they may also be sued separately upon their contracts, whether made before or during marriage, and for wrongs independent of contract, committed by them before or during their marriage, as fully as if they were unmarried.''

Under this statutory provision the Supreme Court held that the wife could not recover damages caused by an assault and battery committed by her husband upon her. On page 617 (31 S. Ct., 112) the Supreme Court said in reference to this legislation:

''Married women are authorized to sue separately for 'the recovery, security or protection of their property, and for torts committed against her as fully and freely as if she were unmarried.' That is, the limitation upon her right of action imposed in the requirement of the common law that the husband should join her was removed by the

statute, and she was permitted to recover separately for such torts as freely as if she were still unmarried. The statute was not intended to give a right of action as against the husband, but to allow the wife, in her own name, to maintain actions of tort which at common law must be brought in the joint names of herself and husband.

"This construction we think is obvious from a reading of the statute in the light of the purpose sought to be accomplished. It gives a reasonable effect to the terms used, and accomplishes, as we believe, the legislative intent, which is the primary object of all construction of statutes."

And again, on the next page, the court announced the following principle: "It must be presumed that the legislators who enacted this statute were familiar with the long-established policy of the common law, and were not unmindful of the radical changes in the policy of centuries which such legislation as is here suggested would bring about. Conceding it to be within the power of the Legislature to make this alteration in the law, if it saw fit to do so, nevertheless such radical and far-reaching changes should only be wrought by language so clear and plain as to be unmistakable evidence of the legislative intention."

All the states have statutory laws changing and modifying, to a greater or less extent, the common-law principles concerning the legal relation of husband and wife, especially in reference to the ownership and control of their property and the right of the wife to maintain an action in her own name. The assistance which can be derived, in determining the question now before this court,

from the adjudicated cases in other jurisdictions in defining and construing such legislation, depends upon the similarity of the phraseology of the statute there under consideration to that of the Code provisions of this state.  The great weight of judicial authority in determining the legal effect of the legislation modifying the common-law relation between husband and wife is against the wife's right to maintain an action for a tort against her husband, even where the injury was intentionally committed by him, although there are decisions in some cases to the contrary.  The cases are cited and referred to in the annotation in 6 A. L. R. at page 1038.

We have been able to find only the case of *Roberts* v. *Roberts,* 185 N. C., 566, 118 S. E., 9, 29 A. L. R., 1479, holding that the wife can recover from the husband where the injury inflicted occurred through his mere negligent act. Further cases are referred to in the annotation at the close of this case in 29 A. L. R., at page 1482.

Nowhere has the Legislature of this state changed the common-law principle preventing the husband from maintaining an action for a tort committed by his wife upon him.  His nonliability under the common law remains as it has ever been.

In the absence of direct legislation relieving the wife of her common-law disability to recover from her husband for an injury caused by his negligence, it should not be presumed that the Legislature intended to relieve the wife from this marital inhibition without giving to the husband the same legal right.

To give either the husband or wife the right

to sue the other for injury sustained by reason of a negligent act would strike at the very heart of the peaceable domestic relation of the husband and wife, and, further, at the happiness of the family.

The Legislature will not be held to intend a repeal of the settled rules of common law, unless the language employed by it clearly imports such an intention. *Krause* v. *Morgan,* 53 Ohio St., 26, 42, 40 N. E., 886; *Felix* v. *Griffiths,* 56 Ohio St., 39, 45 N. E., 1092; *State ex rel. Morris* v. *Sullivan,* 81 Ohio St., 79, 90 N. E., 146, 26 L. R. A., (N. S.), 514, 18 Ann. Cas., 139; and *State of Ohio* v. *Phillips,* 85 Ohio St., 317, 97 N. E., 976, 40 L. R. A., (N. S.), 142, Ann. Cas., 1913B, 250.

None of the sections of the General Code from Section 7995 to 8004 clearly expresses the intention on the part of the Legislature to abrogate the common-law principle that a married woman cannot maintain an action against her husband for a personal injury caused by his neglect; nor does Section 11245, General Code, so do.

Until the Legislature does so express its intentions, the wife cannot maintain such an action against her husband to recover damages for a personal injury caused by his negligent act.

The Supreme Court of this state, in *Du Bois* v. *Coen, Ex'r.,* 100 Ohio St., 23, 125 N. E., 123, in determining the rights of husband and wife to alter their legal relations by a postnuptial contract with reference to their dower, under the provisions of Section 8000, General Code, said:

"It was the undoubted policy of the Legislature, by the adoption of this section, not only to pre-

serve the unity of the marital relation, but to pre-
serve intact the property provisions which were
made for one after the decease of the other.''

It is further urged that the husband is only a
nominal party in this case; the real party being
the indemnity company which has insured the hus-
band against damages arising from his negligence.

The fact, if it is a fact, that the husband was
so protected, does not appear in the record in this
case. This is a sufficient answer to this claim of
the plaintiff.

*Judgment affirmed.*

FARR, J., concurs.

ROBERTS, J., not participating.