No. 38,393

E. Louise Sink, *Appellant* v. A. C. Sink, *Appellee.*

(239 P. 2d 933)

Opinion filed January 26, 1952.

*Claude E. Sowers,* of Wichita, argued the cause and was on the briefs for the appellant.

*Wm. P. Thompson,* of Wichita, argued the cause, and *A. W. Hershberger, J. B. Patterson, Richard Jones,* and *H. E. Jones,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action for damages for personal injuries sustained by plaintiff in an automobile accident. In her petition plaintiff alleged that on a day stated she was riding in the rear seat of a described automobile driven by defendant; that "defendant was the husband of the plaintiff at all times set forth herein." It was further alleged that defendant negligently handled the car in such a way that it was turned over and that she was seriously injured. Details of those allegations need not be stated. Defendant answered denying the allegations of negligence alleged against him in the petition and admitted "that defendant and plaintiff were husband and wife at all times material to this action." Proceeding under our statutes (G. S. 1949, 60-2704 and 60-2902) defendant filed a motion in which the court was asked to determine a question of law in advance of the trial upon the facts, which question was stated as follows:

"Whether or not a married woman may maintain an action in tort for injuries to her person against her husband in the state of Kansas."

This legal question presented was duly heard by the court and decided in the negative. Judgment was rendered for defendant. Plaintiff has appealed. The sole question presented for our determination is the correctness of the trial court's ruling upon the question presented.

At common law it was well settled that one spouse could not sue

the other in tort for personal injuries. (See 27 Am. Jur. 191; 41 C. J. S. 877.) Our statute (G. S. 1949, 77-109) provides:

"The common law as modified by constitutional and statutory law, judicial decisions, and the conditions and wants of the people, shall remain in force in aid of the General Statutes of this state; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute in this state, but all such statutes shall be liberally construed to promote their object."

Counsel for appellant, however, points to our Constitution (Art. 15, § 6), which reads:

, "The legislature shall provide for the protection of the rights of women, in acquiring and possessing property, real, personal and mixed, separate and apart from the husband; and shall also provide for their equal rights in the possession of their children."

He also cites our statute (G. S. 1949, 60-404), which reads:

"A married woman may sue and be sued in the same manner as if she were unmarried."

A similar statement is found in G. S. 1949, 23-203, which is one of the sections of what is commonly called the Married Women's Act.

Counsel for appellant argues that the statute last above quoted appears to give plaintiff the right to sue her husband in tort as well as in any other type of action. Upon this point counsel cites but one Kansas case (*Norris v. Corkill*, 32 Kan. 409, 4 Pac. 862.) That was a case in which the husband had been sued for an alleged slander by his wife. The court held:

"In Kansas, the husband is not liable for the slanderous words spoken by his wife, when he is not present and in which he in no manner participates." '

We think it clear the case is not in point.

With respect to their property and the custody of their children our statutes have given married women substantially the same rights as the husbands. (See, G. S. 1949, 23-201 to 23-207 and the cases there annotated.) Much has been written upon the question of the liability in tort of one spouse to the other. We have no occasion here to write a thesis upon the question. Those interested may find such a treatise in 27 Am. Jur. 191 to 198 and in 41 C. J. S. 877 to 885. Cases bearing upon the question are collected in the annotations in 6 A. L. R. 1038; 29 A. L. R. 1482; 33 A. L. R. 1406; 44 A. L. R. 794; 48 A. L. R. 293; 89 A. L. R. 118; 160 A. L. R. 1406; 2 A. L. R. 2d 632; 19 A. L. R. 2d 1001.

There is no case in our reports in which one spouse has been permitted to collect damages in an action for tort against the other spouse. In the cases cited in the treatises and annotations above

mentioned such recovery is almost uniformly denied unless there is a specific statute of the state which authorizes such a recovery. Only a few states have such a statute. Many states have statutes similar to our own and in those states such recovery has been denied in the following cases:

*Thompson v. Thompson,* 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180;

*Yellow Cab Co. v. Dreslin,* 181 F. 2d 626, 19 A. L. R. 2d 1001;

*Faris v. Hope,* 298 Fed. 727;

*Libby v. Berry,* 74 Me. 286;

*Callow v. Thomas,* 322 Mass. 550, 78 N. E. 2d 637, 2 A. L. R. 2nd 632;

*Strom v. Strom,* 98 Minn. 427, 107 N. W. 1047;

*Rogers v. Rogers,* 265 Mo. 200, 177 S. W. 382;

*Mullally v. Langenberg Bros. Grain Co.,* 339 Mo. 582, 98 S. W. 2d 645;

*Bandfield v. Bandfield,* 117 Mich. 80, 75 N. W. 287;

*Sargeant v. Fedor,* 3 N. J. M. 832, 130 Atl. 207;

*Lillienkamp v. Rippetoe,* 133 Tenn. 57, 179 S. W. 628;

*Wilson v. Brown* (Tex. Civ. App.), 154 S. W. 322;

*Gowin v. Gowin* (Tex. Civ. App.), 264 S. W. 529;

*Schultz v. Christopher,* 65 Wash. 496, 118 Pac. 629;

*Fehr v. General Acc. F. & L. Assur. Corp.,* 246 Wis. 228, 16 N. W. 2nd 787.

The doctrine was followed in the following cases involving automobile accidents:

*Heyman v. Heyman,* 19 Ga. App. 634, 92 S. E. 25;

*Woltman v. Woltman,* 153 Minn. 217, 189 N. W. 1022;

*Scales v. Scales,* 168 Miss. 439, 151 So. 551;

*Von Laszewski v. Von Laszewski,* 99 N. J. Eq. 25, 133 Atl. 179;

*Leonardi v. Leonardi,* 21 Ohio App. 110, 153 N. E. 93.

This list is not intended to be complete.

A few cases to the contrary may be found, but the reasoning in those cases has been criticized in many of the cases above cited. We do not care to follow them. The reason normally given by the courts for such refusal is that it would be contrary to public policy and tend to disrupt the marital relation. We think the reasoning sound.

No question is presented here about our guest statute (G. S. 1949, 8-122b).

The judgment of the court is affirmed.