No. 43,982

MARGARET KATHRYN FISHER, *Appellant,* v. EUGENE MILTON TOLER, *Appellee.*

(401 P. 2d 1012)

Opinion filed May 15, 1965.

*Kent McCormick,* of Wichita, argued the cause, and *Henry E. Martz; Clyde Wendelken,* and *Elliott Fry,* all of Wichita, were with him on the briefs for the appellant.

*Byron Brainerd,* of Wichita, argued the cause, and *Lawrence Weigand; Lawrence E. Curfman; Charles W. Harris; Orval J. Kaufman; J. Ruse Mc-Carthy; Donald A. Bell; J. L. Weigand, Jr.; Spencer L. Depew; Paul M. Buchanan,* and *Charles R. Moberly,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an action by a wife to recover damages for an intentional personal injury inflicted by her husband pending a divorce action.

The facts presented in chronological order are as follows:

On October 19, 1962, the defendant, Eugene Milton Toler, filed an action for divorce against his wife, Margaret Kathryn Toler. On December 3, 1962, after being duly summoned, Margaret entered her appearance in the divorce action and Judge E. E. Sattgast entered an order directing Eugene and Margaret not to molest each other. On December 4, 1962, Eugene drove his automobile against the automobile of Margaret with the alleged intention of killing her, resulting in her serious injury.

On February 7, 1963, Margaret was awarded a divorce decree on her amended cross-petition.

On October 11, 1963, more than six months after the granting of the absolute decree of divorce, Margaret commenced this action against Eugene for damages. In her petition she specifically alleged:

"On or about December 4, 1962, at the approximate hour of 12:40 A. M., the Plaintiff was driving a 1954 Chevrolet automobile in a southerly direction, with all lights illuminating, in the 2100 block of North Broadway, having just passed the intersection of 21st Street and North Broadway at a reasonable rate of speed and upon the inside lane for southbound traffic. At this time and place a 1955 Buick, license No. SG 92588, owned and operated by the Defendant, struck the rear of Plaintiff's vehicle at about the center, throwing her vehicle forward. Immediately thereafter, the Defendant backed his car up, drove over on the sidewalk west of North Broadway in front of Hanson Furniture Company and while the Plaintiff's vehicle was at rest and she still in it, rammed his car against hers three separate and distinct times, seriously and permanently injuring the Plaintiff."

Defendant filed his answer and plaintiff replied.

The specific allegations of the pleadings are not material to a determination of the legal question presented for appellate review. After joinder of issues the defendant filed the following motion:

"Comes now the above-named defendant and moves the Court for judgment upon the pleadings filed herein and/or pursuant to G. S. 1949, 60-2704 and 60-2902 for the determination of a question of law prior to trial of the above-entitled action on the issue of facts, movant contending the issue of law to be:

"Whether in the State of Kansas a wife may maintain an action in tort for personal injuries or property damage against the husband allegedly arising out of acts of the husband occurring during the existence of the marriage?"

After consideration of well prepared briefs submitted by both parties the trial court entered judgment in which it concluded:

". . . the Court finds that in the State of Kansas a wife may not maintain an action in tort for personal injuries or property damage against the husband allegedly arising out of actions of the husband occurring during the existence of the marriage and that judgment for the defendant should be entered upon the pleadings filed herein."

Thereupon plaintiff perfected the instant appeal.

Appellant first contends that the case of *Sink v. Sink,* 172 Kan. 217, 239 P. 2d 933, should be overruled as in violation of G. S. 1949, 23-203, Section 18 of the Kansas Bill of Rights, and the spirit of Section 6 of Article 15 of the Kansas Constitution. In *Sink v. Sink,* supra, we held: "Neither spouse may maintain an action in tort for damages against the other." (Syl.)

The opinion in that case considered the statute and constitutional provisions which the appellant has again attempted to raise. We adhere to the conclusion reached in the *Sink* case and it would serve no useful purpose to extend this opinion by again reiterating what was there said and held. The *Sink* case was cited with approval in

the recent case of *O'Grady v. Potts*, 193 Kan. 644, 645, 396 P. 2d 285. Readers who desire to review the more recent decisions on the general rule announced in the *Sink* case are referred to 43 A. L. R. 2d, Anno., 632 to 671, incl. For additional annotations see A. L. R. 2d Supplement Service for 1960, 1961, 1962, 1963 and 1964.

Appellant suggests without further argument that:

"Even if it is not overruled, the *Sink* case is clearly and easily distinguishable from the case at bar. The fact situation in *Sink v. Sink* involved an allegation of negligence as the result of an automobile accident. Moreover, the litigants were not separated, in the process of divorce or already divorced. In the case at bar, the facts involve an intentional assault and battery committed during the pendency of a previously initiated divorce. Surely this Court under these facts can at least restrict the *Sink* holding to its own facts and distinguish it from what is involved here."

Conceding that the facts in the case at bar are somewhat dissimilar to those in the *Sink* case, they are not such as require the application of a different principle of law.

The fact that the husband and wife are having marital difficulties or that one of them has filed an action for divorce does not change the marital relationship. The parties remain husband and wife until a divorce decree is granted. Complete dissolution of the marriage relation immediately follows the decree. See *Johnson v. United Workmen*, 91 Kan. 314, 316, 137 Pac. 1190.

A personal injury whether administered intentionally, wantonly or by negligence constitutes a tort. Any private wrong constitutes a tort. A private wrong covers all of those duties due from one person to another. For definition of a tort see 52 Am. Jur., Torts, § 2, and 86 C. J. S. Torts, § 1.

It must be conceded there is a conflict of decisions as to whether an exception should be made to the general rule and recovery permitted by one spouse for personal injuries intentionally inflicted by the other. We are convinced the better rule is that no exception should be made to the general rule, to which this court has adhered. There should not be an abrogation of the long-established common law rule barring a personal injury action by one spouse against the other by the courts unless there has been a complete change in the conditions which brought the rule about. The abrogation, if desirable, is one calling for legislative action and should be without the sphere of judicial decisions.

The judgment is affirmed.

FONTRON, J., dissenting: In my opinion, this case is clearly distinguishable from *Sink v. Sink,* 172 Kan. 217, 239 P. 2d 933, on which the majority opinion is predicated.

First of all, the rationale of Sink is not applicable to the factual situation presented here. A refusal to permit this plaintiff to have redress for the wrong perpetrated upon her cannot be justified on the ground this action would tend to disrupt the marital relation. Domestic harmony had already been fractured in this case and divorce proceedings were pending between these parties when the alleged assault was committed upon the wife. I see no public policy to be served in denying a right of action to this plaintiff when the attack upon her occurred after institution of the legal proceedings which later culminated in divorce.

In *Goode v. Martinis,* 58 Wash. 2d 229, 361 P. 2d 941, an analogous situation was considered, and the court there said:

"Where at the time of the tort the marital relationship of the parties has completely lost its original character and the parties have taken concrete legal steps to dissolve the marital relationship altogether, we can perceive of no convincing reason for depriving an injured spouse of his or her cause of action." (p. 235.)

This reasoning appeals to me as sound.

In the second place, the tort alleged in the instant case is alleged to have been an intentional and deliberate assault. It thus differs materially from the act which was involved in Sink, for there the plaintiff's claim against her spouse was based on negligence. In my judgment, there is a vast difference between a negligent act, on one hand, and a willful, planned act, on the other, and this distinction has been recognized by other courts. (*Ennis v. Truhitte,* (Mo.) 306 S. W. 2d 549; *Apitz v. Dames,* 205 Or. 242, 287 P. 2d 585.)

Under what I believe to be modern concepts of justice, it is a harsh rule indeed which refuses to extend the law's protection to a wife who has been the victim of a willful assault by her estranged mate.

I would reverse this case and, therefore, I respectfully dissent.

WERTZ, J., joins in the foregoing dissent.