No. 54,314

XANTHIPPE STEVENS, *et al., Appellees,* v. MARY CONNIE STEVENS, *Appellant.*

(647 P.2d 1346)

Opinion filed July 16, 1982.

*Dennis Homer,* of Horner, Duckers & Cornwell, of Kansas City, argued the cause, and *Carl E. Cornwell* and *Martha Ridgway Schmid,* of the same firm, were with him on the brief for the appellant.

*Glenda Cantrell,* of Couch, Strausbaugh & Pierce, of Overland Park, argued the cause, and *Daniel J. Strausbaugh,* of the same firm, was with her on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This is a wrongful death action brought by Xanthippe and Xavier Stevens against their stepmother, Mary Connie Stevens, for the death of their father, Gary Stevens. The defendant, Mary Connie Stevens, filed a motion to dismiss the action on the ground interspousal tort immunity would have barred an action by the father against his wife and under the wrongful death statute, K.S.A. 60-1901, an action by the children is barred also.

The children's claim is brought on two theories: First, that the father's death was the result of negligence; and second, that the death was the result of an intentional tort of the wife. The trial court treated the motion to dismiss as a motion for summary

judgment and overruled the same. The court concluded that public policy reasons for interspousal immunity do not exist in this case. The court stated that on the death of the husband there was no longer any interspousal harmony left to preserve. Hence, the trial court held the action by the children against the step-mother might be maintained under a theory of either negligent or intentional tort. This interlocutory appeal followed.

The father of Xanthippe and Xavier died as a result of a gunshot wound inflicted by a gun in the hands of his wife. By the wife's account, the shooting was accidental. She alleged her husband had been drinking and playing with the handgun. The husband tossed the gun to her and told her to shoot it. She believed the gun was unloaded. They were standing a few feet apart. She pointed and fired the gun. The husband was killed.

As previously stated, the claim filed against the stepmother by the children includes both a theory of negligence and a theory of intentional tort. We were informed on oral argument the step-mother was convicted of involuntary manslaughter. We have little or no additional factual information on this occurrence but assume the petition adequately states a claim based on both theories. The record does not contain a copy of the petition but both parties acknowledge that both theories were pled.

K.S.A. 60-1901 provides:

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom *if the former might have maintained the action had he or she lived,* in accordance with the provisions of this article, against the wrongdoer, or his or her personal represent-ative if he or she is deceased." Emphasis supplied.

In *Guffy v. Guffy,* 230 Kan. 89, 631 P.2d 646 (1981), this court reexamined the historical origins of interspousal immunity and continued to hold that neither spouse may maintain an action against the other for tortious personal injury occurring during marriage. In that case it was pointed out: "This decision does not deal with intentional torts  . . . ." 230 Kan. at 97.

The only case we have where the doctrine of interspousal immunity is applied to an intentional tort is reported in *Fisher v. Toler,* 194 Kan. 701, 401 P.2d 1012 (1965). In *Fisher* a divorce action was pending and the husband drove his automobile against an automobile driven by the wife with the alleged inten-tion of killing her. This resulted in her serious injury. The *Fisher*

court in a 5-2 decision held that neither spouse may maintain an action in tort for damages against the other, and an exception to the rule is not created by alleging that the injury was intentionally inflicted.

Pursuant to K.S.A. 60-1901 *et seq.,* if the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the decedent might have maintained the action against the wrongdoer had the decedent lived. Under the clear wording of the statute a wrongful death action is barred to the children in this case if we abide by the decision in the *Fisher* case and hold that the husband could not have maintained an action against his wife, Mary Connie Stevens, for injuries inflicted upon him willfully and intentionally, had he survived the injuries.

Of the various jurisdictions which recognize interspousal immunity from tort actions, at least six states provide an exception to interspousal tort immunity for intentional torts. See *Windauer v. O'Connor,* 107 Ariz. 267, 485 P.2d 1157 (1971); *Self v. Self,* 58 Cal. 2d 683, 26 Cal. Rptr. 97, 376 P.2d 65 (1962); *Lusby v. Lusby,* 283 Md. 334, 390 A.2d 77 (1978); *Flores v. Flores,* 84 N.M. 601, 506 P.2d 345 (Ct. App.), *cert. denied* 84 N.M. 592, 506 P.2d 336 (1973); *Apitz v. Dames,* 205 Or. 242, 287 P.2d 585 (1955); and *Bounds v. Caudle,* 560 S.W.2d 925 (Tex. 1977).

As pointed out in *Guffy v. Guffy,* 230 Kan. 89, perhaps the foremost justification for immunity is based on the premise that personal tort actions between husband and wife will disrupt and destroy the peace and harmony of the home and this is contrary to the public policy of the state. In light of our Kans. Const. art. 15, § 6 and the Kansas Married Women's Act, K.S.A. 23-201(*a*) and (*b*), and 23-203 there is no constitutional or statutory interspousal immunity. When a spouse inflicts intentional harm upon the person of the other spouse, peace and harmony in that home has been so damaged that there is little danger that it will be further impaired by maintenance of an action for damages. See *Apitz v. Dames,* 205 Or. at 262-63. Accordingly, an exception to the doctrine of interspousal tort immunity is now created and declared by this court as regards willful and intentional torts. The case of *Fisher v. Toler,* 194 Kan. 701, holding otherwise, is hereby overruled. One spouse may maintain an action for willful and

intentional torts committed against him or her by the other spouse.

We are well aware of the various arguments put forth that the entire doctrine of interspousal immunity should be abrogated. Mr. Justice Prager in his dissenting opinion in *Guffy v. Guffy,* 230 Kan. beginning at p. 97, thoroughly covers and advocates these arguments. It would serve no purpose to go back over the counter arguments set forth in the majority opinion in *Guffy.* Suffice it to say a majority of this court believe it is now in the best interests of the people of this State to retain the doctrine of interspousal immunity for injuries and death resulting from negligent or even reckless acts and to carve an exception as regards willful and intentional torts.

Turning to our present case, we hold the husband could have maintained an action against his wife, Mary Connie Stevens, for injuries inflicted upon him willfully and intentionally had he survived the injuries. The children as heirs-at-law of the deceased father now may maintain the action for the wrongful death of the father against their stepmother when their action is based on a willful and intentional infliction of injuries by the stepmother which resulted in the death of the father.

The judgment of the district court overruling the motion for summary judgment by defendant is affirmed as to plaintiffs' claim based on willful and intentional tort and reversed as to plaintiffs' claim based on negligent or reckless tort.

SCHROEDER, C.J., dissents in the foregoing opinion.

PRAGER, J., concurring and dissenting: I concur with that portion of the majority opinion which affirms the trial court and upholds the plaintiffs' claim based on an alleged willful and intentional tort of the defendant. I heartily approve the creation of an exception to the doctrine of interspousal tort immunity in cases where a husband or wife inflicts willful and intentional injury upon the other. I respectfully dissent, however, from that portion of the opinion which bars the plaintiffs' claim based on negligence or reckless misconduct on the part of the defendant. The basic injustice which inheres in the doctrine of interspousal immunity is well illustrated in this case. The children of a deceased father are precluded from recovery of damages for his wrongful death resulting from negligent or wanton misconduct on the part of their stepmother. The public policy behind the doctrine of interspousal immunity is that such suits should be

barred because they will disrupt the harmony of the marital relationship. This public policy, whatever its relevance in other contexts, clearly is inapplicable where the death of one or both spouses terminates the marriage. At that point, the marital relationship, having been dissolved by death, can no longer be disrupted and the need for preserving marital harmony is completely lacking in pertinence. *Asplin v. Amica Mut. Ins. Co.,* _____ R.I. _____, 394 A.2d 1353 (1978).

I further question the logic and justice in a rule which permits one spouse to maintain an action for willful and intentional tort committed against him or her by the other spouse, but denies that spouse the right to maintain an action for wanton misconduct. Wanton misconduct has been defined as an act performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act. See PIK Civ. 2d 3.02 (1977). We have held in this state that wantonness is distinct from negligence and differs in kind. *Kniffen v. Hercules Powder Co.,* 164 Kan. 196, 188 P.2d 980 (1948); *Srajer v. Schwartzman,* 164 Kan. 241, 188 P.2d 971 (1948).

Simply stated, I do not see why a wife or husband should be permitted to recover damages from a spouse who intentionally injures her or him and be denied the right to recover damages in tort where the other spouse realizes the imminence of danger and injures the other with a reckless disregard or complete indifference to the probable consequences of the act. I, therefore, respectfully dissent as to that portion of the opinion which denies relief to the plaintiffs in this case on their claim based on the theory of negligence or wanton misconduct on the part of the defendant.

HERD, J., joins the foregoing concurring and dissenting opinion.