No. 54,198

VIRGINIA ANN EBERT, *Appellant,* v. PATRICK C. EBERT, *Appellee.*

(656 P.2d 766)

Opinion filed January 14, 1983.

*Dorothy L. Thompson,* of Everett, Seaton, Knopp & Thompson, of Manhattan, argued the cause, and *Donn J. Everett,* of the same firm, was with her on the brief for appellant.

*Anne B. Miller,* of Miller, Ball & Miller, of Manhattan, argued the cause, and *Paul E. Miller,* of the same firm, was with her on the brief for appellee.

*Donna M. Dill,* of Schroeder, Heeney, Groff & Hiebert, a Professional Association, of Topeka, was on the brief *amicus curiae* for the Kansas Civil Liberties Union.

The opinion of the court was delivered by

McFARLAND, J.: This is an action wherein plaintiff-wife, Virginia Ann Ebert, seeks damages for physical injuries which she alleges were intentionally inflicted upon her by defendant-husband, Patrick C. Ebert, during the course of their marriage. The trial court dismissed the claim herein on the grounds of interspousal tort immunity. Plaintiff appeals therefrom.

The trial court's decision and the parties' briefs were all filed prior to this court's decision in *Stevens v. Stevens,* 231 Kan. 726, 647 P.2d 1346 (1982), which substantially altered the existing Kansas law. In *Stevens* we held:

"As pointed out in *Guffy v. Guffy,* 230 Kan. 89 [, 631 P.2d 646 (1981)], perhaps the foremost justification for immunity is based on the premise that personal tort actions between husband and wife will disrupt and destroy the peace and harmony of the home and this is contrary to the public policy of the state. In light of our Kans. Const. art. 15, § 6 and the Kansas Married Women's Act, K.S.A. 23-201(*a*) and (*b*), and 23-203 there is no constitutional or statutory interspousal immunity. When a spouse inflicts intentional harm upon the person of the other spouse, peace and harmony in that home has been so damaged there is little danger that it will be further impaired by maintenance of an action for damages. See *Apitz v. Dames,* 205 Or. at 262-63. Accordingly, *an exception to the doctrine of interspousal tort immunity is now created* and declared by this court *as regards willful and intentional torts.* The case of *Fisher v. Toler,* 194 Kan. 701 [, 401 P.2d 1012 (1965)], holding otherwise, is hereby overruled. *One spouse may maintain an action for willful and intentional torts committed against him or her by the other spouse.* 231 Kan. at 728-29. (Emphasis supplied.)

The holding of *Stevens* would clearly be controlling herein and require reversal unless tempered in some manner. Defendant-husband therefore urges that we:

1. Reconsider *Stevens;*
2. Limit *Stevens* to its facts; or
3. Apply *Stevens* prospectively.

Defendant first contends the holding and rationale of *Stevens* were erroneous and should be reconsidered. The public policy arguments advanced by defendant-husband were considered in *Stevens* and rejected. The argument is then made that any alteration in interspousal immunity is a matter reserved for legislative determination. We do not agree. The interspousal immunity doctrine was judicially created and, in Kansas, is not the subject of statutory law. It is therefore appropriate for this court to make alterations to said doctrine. *E.g., Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21 (1969). See also Annot., Interspousal Tort Immunity, 92 A.L.R.3d 901, § 18.

In *Brooks v. Robinson,* 259 Ind. 16, 284 N.E.2d 794 (1972), the Indiana Supreme Court responded to the contention the doctrine of interspousal immunity was within the province of the legislature and therefore not subject to judicial abrogation as follows:

"It is next urged by counsel for defendant-appellee that if the doctrine of interspousal immunity is to be abolished, the courts should wait for legislative sanction for such action. However, as observed beforehand, the doctrine is a creature of the common law and is therefore judicially created. Judicial devotion to the doctrine of *stare decisis* is indeed a justifiable concept to be followed by our courts. However, it cannot and must not be so strictly pursued to the point where our view is opaqued and reality disregarded. To do so is to envision the common law to be as immutable as the laws of the Medes and Persians, and thus render our system of jurisprudence forever impotent. The strength and genius of the common law lies in its ability to adapt to the changing needs of the society it governs." 259 Ind. at 22-23.

We conclude recognition of the intentional tort exception to interspousal immunity is sound law and we adhere thereto.

Defendant-husband next argues *Stevens* should be limited to its facts. *Stevens* was a wrongful death action brought by two children against their stepmother for the death of the children's father. We held that a claim based on the wife's intentional shooting of her husband could be maintained by the deceased's children, as such an action could have been brought by the husband had he survived. Defendant-husband in the case before

us seeks to limit the holding of *Stevens* to wrongful death actions on the basis that only in such cases is there no marriage left to preserve. We do not agree.

The parties herein were married on December 22, 1980. Six months later plaintiff-wife brought an action for divorce which was later amended to include the claim herein for damages inflicted by intentional torts. Multiple incidents are alleged to have been involved, the same occurring both prior to and subsequent to the filing of the divorce action. Substantial injuries are claimed including a broken toe, broken ribs, facial lacerations, etc.—all allegedly intentionally inflicted by the defendant-husband. The personal injury claim was dismissed by the trial court on September 25, 1981. In dismissing the tort claim, the trial court stated:

"As was pointed out in the defendant's brief, the Kansas Supreme Court in the case of *Fisher v. Toler*, 194 Kan. 701, squarely upheld the doctrine of spousal tort immunity for intentional torts. In the recent case of *Guffy v. Guffy* [230 Kan. 89], the doctrine of spousal immunity for nonintentional torts was squarely upheld. In his well-reasoned dissenting opinion in *Guffy,* Mr. Justice Prager pointed out that the Court's decision in *Fisher* has been criticized as unreasonable and represents a blind adherence to an antiquated doctrine.

"Speaking in all frankness, this Court is personally persuaded to the view that interspousal immunity concerning intentional torts should be abolished in this State. Intentional tort spousal immunity constitutes a substantially different question in my mind than nonintentional tort spousal immunity.

"Indeed our high Court or the legislature may abrogate the doctrine of spousal immunity for intentional torts sometime in the future but this is not the law of Kansas at this time. If this issue was devoid of Kansas law and precedent, I would then feel free to enter a decision as a trial judge based on my own perceptions and best judgment concerning contemporary public policy and conditions but such is not the case."

Less than a year later, intentional torts were indeed excepted from the interspousal immunity doctrine by our decision in *Stevens.* We fail to see the logic in subjecting a person to civil liability for intentional injury to his or her spouse only if the spouse dies from the injury. As noted in *Stevens:*

"When a spouse inflicts intentional harm upon the person of the other spouse, peace and harmony in that home has been so damaged that there is little danger that it will be further impaired by maintenance of an action for damages." 231 Kan. at 728.

We decline to limit the interspousal immunity intentional tort exception to wrongful death actions.

Finally, defendant urges that *Stevens* should be applied only prospectively. Defendant does not contend that he was relying on interspousal immunity as enunciated in *Fisher* when he allegedly beat his wife in a drunken rage. Indeed, that would be a difficult proposition to sell.

Batteries committed by one spouse upon the other were not lawful acts prior to the *Stevens* decision as such deeds have long been criminally culpable. *Stevens* merely adds possible civil liability in damages for such already wrongful acts.

Defendant's argument is basically that it is just not fair to apply *Stevens* retrospectively. We do not agree.

No argument has been advanced which leads us to believe that either public policy or the interests of justice would be better served if the intentional tort exception to interspousal immunity created in the *Stevens* decision were to be afforded only prospective application. We, therefore, decline to so hold.

The judgment of the trial court dismissing plaintiff's intentional tort claim is reversed and the case is remanded for further proceedings.

SCHROEDER, C.J., dissenting.