**Michael POWELL, Plaintiff,**

**v.**

**Kenneth C. HAVNER, Defendant.**

**No. 90–2031–JWL.**

United States District Court,
D. Kansas.

March 19, 1993.

Caleb Boone, Hays, KS, for plaintiff.

Daniel J. Gronniger, Michael W. Merriam, Wayne T. Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Dennis L. Bieker, Dreiling, Bieker & Hoffman, Hays, KS, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is before the court on defendant's renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) (Doc. # 136). In his motion, defendant argues that the evidence presented at trial was not legally sufficient for a jury to find that defendant's conduct caused plaintiff damages or that defendant acted in a wanton manner, justifying an award of punitive damages. For the reasons set forth below, defendant's motion is granted as to the punitive damage issue and denied as to the causation issue.

In this diversity case, plaintiff sued defendant for monetary damages he claims he sustained due to defendant's breach of fiduciary duty to plaintiff. Defendant represented plaintiff's wife in a divorce case in 1987 and 1988. Prior to that time, defendant had represented plaintiff in a medical malpractice action. Plaintiff contends defendant breach-

ed his fiduciary duty to plaintiff by failing to disclose to plaintiff (or plaintiff's attorney in the divorce case) information which defendant obtained while representing plaintiff in the prior medical malpractice action which might have been relevant to the issue of the cost associated with plaintiff's ongoing care and living expenses after the divorce. Plaintiff also sued on a negligence theory and had a claim for punitive damages. The case was tried before a jury on January 5–13, 1993. After extensive deliberations, the jury returned a note to the court indicating that they were unable to reach a verdict. The court then declared a mistrial and discharged the jury.

At the conclusion of plaintiff's case-in-chief, defendant had moved for a judgment as a matter of law as to all of plaintiff's claims, which the court took under advisement. At the close of all the evidence, defendant renewed its motion. At that time, the court granted defendant's motion as to plaintiff's negligence claim and as to plaintiff's claim for punitive damages based on willful conduct by the defendant. The court did not grant plaintiff's motion as to the issue of causation in regards to the breach of fiduciary duty claim or as to plaintiff's claim for punitive damages based on wanton conduct by the defendant. Pursuant to Fed.R.Civ.P. 50(b), defendant has renewed his motion for judgment as a matter of law on those issues.

■ The court retains the power, upon proper and timely motion, to have judgment entered in accordance with a party's motion for judgment as a matter of law even if a verdict was not returned by the jury after prolonged deliberations. *See Hedgepeth v. Freuhauf Corp.*, 634 F.Supp. 93, 95 (S.D.Miss.1986). The court may grant a motion for judgment as a matter of law "only where the evidence and all inferences to be drawn therefrom are so clear that reasonable minds could not differ on the conclusion." *Motive Parts Warehouse v. Facet Enterprises*, 774 F.2d 380, 385 (10th Cir.1985). The evidence must be viewed in the light most favorable to the party against whom the motion for judgment as a matter of law is sought and if, on the basis of the evidence and inferences to be drawn therefrom, rea-'

sonable and fair-minded persons might form different conclusions as to the facts in issue, the granting of a judgment as a matter of law is improper. *Id.* Utilizing this standard, and viewing all the evidence in a light most favorable to the plaintiff, the court makes the following determinations based on the evidence presented at trial.

## I. Causation

■ Defendant argues that no evidence was presented at trial which could persuade the jury that if defendant had specifically disclosed to plaintiff or plaintiff's counsel information in defendant's possession from the prior medical malpractice action regarding the cost associated with plaintiff's ongoing care and living expenses after the divorce, additional evidence would have been presented at the original divorce hearing which would have caused a reasonable fact finder to award more money to plaintiff in the divorce decree. Basically, defendant argues that plaintiff failed to present sufficient evidence that defendant's actions caused plaintiff to incur any damages.

The Kansas Supreme Court has summarized the plaintiff's burden of proof on the issue of causation as follows:

The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant. Where the conclusion is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn ... The plaintiff is not, however, required to prove the case beyond a reasonable doubt. The plaintiff need not negative entirely the possibility that the defendant's conduct was not a cause, and it is enough to introduce evidence from which reasonable persons may conclude that it is more probable that the event was caused by the defendant than

<br>

that it was not. The fact of causation is incapable of mathematical proof, since no one can say with absolute certainty what would have occurred if the defendant had acted otherwise. Proof of what we call the relation of cause and effect, that of necessary antecedent and inevitable consequence, can be nothing more than 'the projection of our habit of expecting certain consequents to follow certain antecedents merely because we had observed these sequences on previous occasions.' If as a matter of ordinary experience a particular act or omission might be expected, under the circumstances, to produce a particular result, and that result in fact has followed, the conclusion may be permissible that the causal relation exists.

*Baker v. City of Garden City,* 240 Kan. 554, 559, 731 P.2d 278 (1987), quoting Prosser and Keeton on Torts § 41, pp. 269–70 (5th ed. 1984).

The court finds that plaintiff presented sufficient credible evidence at trial on the causation issue. Both of plaintiff's expert witnesses testified that had defendant complied with his fiduciary duty by disclosing the materials regarding plaintiff's cost of care, which were contained in defendant's files from his prior representation of plaintiff in the medical malpractice action, a reasonable fact finder in the divorce case would have been persuaded to make a more favorable property distribution to plaintiff in the divorce decree. The type of expert testimony given by plaintiff's experts at trial is precisely the type of evidence recognized by the Kansas Supreme Court in *Baker* and by Prosser and Keeton on Torts to provide a sufficient basis for a jury to consider causation issues. The court finds that based on the testimony of plaintiff's expert witnesses, reasonable and fair-minded persons could form different conclusions as to the causation issue. Therefore, defendant's motion is denied as to the causation issue.

## II. Punitive Damages

■ In order to recover punitive damages, plaintiff must prove, by clear and convincing evidence in the initial phase of the trial, that defendant acted toward plaintiff with willful

conduct, wanton conduct, fraud or malice. Kan.Stat.Ann. § 60–3702(c). When the substantive law requires that the non-moving party's case be sustained by clear and convincing evidence, this standard must also inform the court's decision whether to grant a Rule 50 motion. *Federal Deposit Ins. Corp. v. Palermo,* 815 F.2d 1329, 1335 (10th Cir. 1987). At the close of evidence at trial, the court granted defendant's Rule 50 motion to the extent plaintiff claimed punitive damages for willful conduct by defendant. The court took under advisement defendant's Rule 50 motion regarding plaintiff's claim for punitive damages based on wanton conduct by the defendant. Therefore, on defendant's renewed Rule 50 motion the court must examine the evidence introduced at trial to determine whether a reasonable jury could conclude that defendant's conduct had been proved to be wanton by clear and convincing evidence.

■ In order to prove defendant's conduct was wanton, plaintiff must show that the defendant's actions were performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the actions. *See Stevens v. Stevens,* 231 Kan. 726, 730, 647 P.2d 1346 (1982); PIK 2d 3.02. In reviewing the evidence presented by plaintiff in this case, the court finds that there is insufficient evidence from which a reasonable jury could conclude by clear and convincing evidence that defendant's conduct was wanton. No evidence was presented that defendant was even aware of the contents of the medical malpractice file, let alone their possible significance in the divorce action. There was simply an absence of evidence at trial that defendant performed any actions with a realization of the imminence of harm to plaintiff. Therefore, defendant's motion for judgment as a matter of law is granted as to the punitive damage issue.

IT IS, THEREFORE, ORDERED BY THE COURT THAT defendant's renewed motion for judgment as a matter of law (Doc. # 136) is granted in part and denied in part. Defendant's motion is granted as to the puni-

tive damage issue, and is denied as to the causation issue.

**IT IS SO ORDERED.**